MORGAN v. SOCIAL SECURITY BOARD et al.

No. 749 Civil Action.

District Court, M. D. Pennsylvania.
May 28, 1942.

350

Paul E. Pendel, of Scranton, Pa., for plaintiff.

Francis M. Shea, Asst. Atty. Gen., Frederick V. Follmer, U. S. Atty., of Scranton, Pa., Sidney J. Kaplan, Sp. Asst. to Atty. Gen., and Martin Norr, Atty., Department of Justice, of Washington, D. C., for defendants.

JOHNSON, District Judge.

This action was brought in pursuance of provisions of the amended Social Security Act of 1939, 42 U.S.C.A. § 405(g), to review a decision of the Appeals Council of the Social Security Board which held that J. Canby Morgan, hereinafter called the claimant, was not entitled to primary insurance benefits under the Social Security Act, as amended, and that his wife, Mary Bowman Morgan, was not entitled to wife's insurance benefits under that Act. In compliance with the provision authorizing this action to review the decision, the Board has filed as part of its answer to the complaint a certified copy of the transcript of the record containing the evidence upon which its findings and decisions were based. The scope of the review is set forth in the Act: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Board, with or without remanding the cause for a rehearing. The findings of the Board as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C.A. § 405 (g). No trial de novo is contemplated.

The case is before the court upon defendant's motion for summary judgment on the pleadings.

The material facts are not in dispute. J. Canby Morgan, who died on July 5, 1941, prior to the commencement of this action, attained the age of 65 years on April 10, 1938. His wife, Mary Bowman Morgan, became 65 years of age on November 7, 1937. During the period material to this action, from December 31, 1936, to April 10, 1938, the claimant was employed by the Morgan Wood Products Corporation as its president and general manager at a salary of $6,000 per annum, but during this period none of this salary was actually paid to him. Instead it was credited to him on a ledger account maintained by the company in his name showing the following entries:

| | |
|---|---|
| July 1, 1937 | $3,000.00 |
| December 31, 1937 | $3,000.00 |
| March 12, 1938 | $1,166.67 |
| April 6, 1938 | $ 59.18 |

The claimant had sole and unrestricted authority to sign checks drawn on the company's bank account. Photostatic copies of the monthly statements of account of the Morgan Wood Products Corporation with the Farmers and Merchants National Bank, Honesdale, Pennsylvania, which were received in evidence in the earlier proceedings in this case, showed that the bank balances at the close of each month during the above named period (excepting January and February, 1938, for which no statements were submitted) were:

| | | |
|---|---|---|
| January | 1937 | $ 730.25 |
| February | 1937 | 307.54 |
| March | 1937 | 470.44 |
| April | 1937 | 20.23 |
| May | 1937 | 51.65 |
| June | 1937 | 1,028.97 |
| July | 1937 | 161.54 |
| August | 1937 | 194.33 |
| September | 1937 | 207.80 |
| October | 1937 | 204.59 |
| November | 1937 | 4.84 |
| December | 1937 | 38.49 |
| March | 1938 | 148.60 |

On December 28, 1939, the claimant filed with the Bureau of Old-Age and Survivors Insurance of the Social Security Board, an application for primary insurance benefits under the provisions of the amended Social Security Act, 42 U.S.C.A. § 402(a). On the same date his wife filed an application with the Bureau for wife's insurance bene-

fits under the provisions of section 202(b) of the Act, 42 U.S.C.A. § 402(b). The Bureau disallowed both applications on August 19, 1940, for the reason that there had been no actual or constructive payment of wages which would entitle the claimant to primary insurance benefits under the Act. The denial of the wife's claim was based upon the provision of section 202(b) of the Act which requires that she must be the wife "of an individual entitled to primary insurance benefits". After reconsideration at the request of the claimant and his wife the Bureau found its previous determination to be proper. A hearing on the claims was next requested before a referee. On December 11, 1940, the referee affirmed the Bureau's decision. The claim was brought before the Appeals Council of the Social Security Board for a review of the referee's decision. The referee's determination was affirmed by the Appeals Council by a decision dated March 19, 1941. An extension of time was granted for the bringing of this action.

It is conceded that the claimant has satisfied the requirements of section 202(a) of the Social Security Act, as amended, in regard to his age and the time of filing his application. It is also conceded that the claimant's wife had met the requirements of the Act at the time of filing her application, provided her husband, the claimant, was entitled to his primary insurance benefits. The only question is whether the claimant is a "fully insured individual" as required by section 202(a) and as that term is defined by section 209(g), 42 U.S.C.A. § 409(g).

Section 209(g), 42 U.S.C.A. § 409(g), defines a "fully insured individual" so far as relates to this case as being one who "had not less than one quarter of coverage for each two of the quarters elapsing after 1936 * * *, and up to but excluding the quarter in which he attained the age of sixty-five, * * * and in no case less than six quarters of coverage; * * *." The same section defines "quarter" as "a period of three calendar months ending on March 31, June 30, September 30, or December 31;" and a "quarter of coverage" as a "calendar quarter in which the individual has been paid not less than $50 in wages." There are six calendar quarters in the period between December 31, 1936, and April 10, 1938, the date when the claimant attained the age of 65, the sixth being the quarter of attainment. As

it occurred prior to 1939, this quarter may be included in benefit computations if wages in the amount of $50 were paid prior to the date of attainment. Employment after age 65 and prior to 1939 is not covered by the Act. Section 209(b), 42 U.S.C.A. § 409(b). Thus the claimant cannot qualify for primary insurance benefits, nor can his wife qualify for wife's insurance benefits, unless he has been paid "wages" of not less than $50 per quarter for a minimum of six calendar quarters from December 31, 1936, to April 10, 1938, the date upon which he legally attained the age of 65. Although it is not disputed that Morgan was not actually paid wages, it is contended that he was constructively paid during this time. This is the principal issue raised for our decision.

Section 209(a) of the Social Security Act, 42 U.S.C.A. § 409(a), defines "wages" as " * * * all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash; * * *." Pursuant to the authority granted by section 205(a) of the Act, 42 U.S.C.A. § 405(a), the Board has promulgated regulations to carry out its provisions. Regulations No. 3, 20 CFR 403.827 (1940 Supp.) provide that whether remuneration for employment paid after December 31, 1936, and prior to January 1, 1940, constitutes wages shall be determined in accordance with Regulations No. 2, 20 CFR 402.13. Although the Appeals Council cited the applicable regulation as being No. 3, the provisions of both Regulations No. 2 and No. 3 are substantially identical. The pertinent part of Regulations No. 2, 20 CFR 402.13 reads as follows:

"402.13 Wages. The term 'wages' means all remuneration for employment.

"Wages may be either actually or constructively paid to the employee. Wages are constructively paid when they are credited to the account of or set apart for the employee so that they may be drawn upon by him at any time although not then actually reduced to possession. To constitute payment in such a case the wages must be credited or set apart to the employee without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is made, and must be made available to him so that they may be drawn at any time, and their receipt brought within his own control and disposition."

The claimant's affidavit, one of the exhibits in this case, states that the reason for not drawing his salary was his desire to permit it to remain in the company as working capital, the company being "very short of funds and we were expecting to place a large mortgage on the plant and as soon as this was accomplished, I would have drawn some of my salary. * * *" The affidavit of Mark T. Tuttle, secretary of the company during 1937, stated that "Mr. Morgan's sole reason for not drawing on said special account (referring to the ledger account in which his salary was credited) was to allow the corporation the use of the money." The necessity of measures to protect the credit of the Morgan Wood Products Corporation appears from the small balances carried in its bank account and the fact that the corporation filed a petition for reorganization under the Bankruptcy Act on September 15, 1938. The Board found that there was no evidence of any adequate cash outside the bank account from which the claimant's wages could have been actually paid and decided that the mere "crediting" or "setting apart" did not constitute constructive payment of the wages unless they remained available without substantial limitation or restriction and that the financial condition of the company as shown by the bank balances was such that it amounted to a "substantial limitation or restriction" upon his drawing his wages since it would entail the taking of some intermediate action by the company, such as borrowing funds or suspending some activity, if he were to do so.

■ Counsel for the Board contend that there is substantial evidence to support the Board's finding that Morgan was "neither actually nor constructively paid wages in the period from January 1, 1937 to April 9, 1938", and that, consequently, this court cannot consider this question in this proceeding. Were this merely a finding of fact, we would agree with this reasoning. 42 U.S.C.A. § 405(g). However, this finding represents a determination by the Board that the facts do not constitute payment of wages within the meaning of the Social Security Act as a matter of law. As such it is subject to review by this court.

■ The regulation of the Social Security Board interpreting the meaning of the word "wages" as it is used in the Act is entitled to great weight since it involves a "contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion; of making the parts work efficiently and smoothly while they are yet untried and new." Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 315, 53 S. Ct. 350, 358, 77 L.Ed. 796; Womack v. Consolidated Timber Co., D.C., 43 F.Supp. 625, 632. There is a presumption that the facts existed which warranted the exercise of the power delegated by the statute. Bailey v. Holland, 4 Cir., 126 F.2d 317; Thompson v. Consolidated Gas. Utilities Corp., 300 U.S. 55, 69, 57 S.Ct. 364, 81 L.Ed. 510.

■ The claimants have contended that it is sufficient to entitle them to insurance benefits under this statute if the wages have been "earned" during the period here in question, regardless of whether they have been paid, actually or constructively. Payment of wages is implicit in the definition set forth in section 209(a), 42 U.S.C.A. § 409(a), of the Social Security Act and the interpretations of the Board are to the same effect.

■ There was no error in the conclusion of the Appeals Council of the Social Security Board that under the circumstances of the Morgan Wood Products Corporation's shortness of funds the mere crediting of wages to the claimant on the company's books did not render them sufficiently subject to his disposition and control, free from "any substantial limitation or restriction", to amount to a constructive payment. The decision of the Board denying the applications of the claimant and the claimant's wife must be affirmed.

Now May 28, 1942, for the foregoing reasons, it is ordered that the decision of the Appeals Council of the Social Security Board denying the applications of J. Canby Morgan and Mary Bowman Morgan for insurance benefits is hereby affirmed and defendant's motion for judgment on the pleadings is sustained.