AMERICAN SUGAR REFINING CO. v. UNITED STATES.

No. 45594.

Court of Claims.
Oct. 2, 1944.

Abbot Southall, of New York City, for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and MADDEN, Judges.

LITTLETON, Judge.

The excise tax provisions of Title IV of the Sugar Act, 7 U.S.C.A. § 1151 et seq., approved September 1, 1937, pertinent to the question whether plaintiff was liable for the tax imposed on sugar manufactured on September 1, 1937, are as follows:

"Sec. 402. (a) Upon manufactured sugar manufactured in the United States, there shall be levied, collected and paid a tax, to be paid by the manufacturer at the following rates:

"(1) On all manufactured sugar testing by the polariscope ninety-two sugar degrees, 0.465 cent per pound, and for each additional sugar degree * * * 0.00875 cent per pound additional, and fractions of a degree in proportion.

"(2) On all manufactured sugar testing by the polariscope less than ninety-two sugar degrees, 0.5144 cent per pound of the total sugars therein.

*   *   *   *   *   *

"(c) The manufacturer shall file on the last day of each month a return and pay the tax with respect to manufactured sugar manufactured after the effective date of this title (1) which has been sold, or used in the production of other articles, by the manufacturer during the preceding month (if the tax has not already been paid) and (2) which has not been so sold or used within twelve months ending during the preceding calendar month, after it was manufactured (if the tax has not already been paid): Provided, That the first return and payment of the tax shall not be due until the last day of the second month following the month in which this title takes effect.

*   *   *   *   *   *

"Sec. 403. (a) In addition to any other tax or duty imposed by law, there shall be imposed, under such regulations as the Commissioner of Customs shall prescribe, with the approval of the Secretary of the Treasury, a tax upon articles imported or brought into the United States as follows:

"(1) On all manufactured sugar testing by the polariscope ninety-two sugar degrees, 0.465 cent per pound, and for each additional sugar degree shown by the polariscopic test, 0.00875 cent per pound additional, and fractions of a degree in proportion;

"(2) On all manufactured sugar testing by the polariscope less than ninety-two sugar degrees 0.5144 cent per pound of the total sugars therein;

"(3) On all articles composed in chief value of manufactured sugar 0.5144 cent per pound of the total sugars therein.

"(b) Such tax shall be levied, assessed, collected, and paid in the same manner as a duty imposed by the Tariff Act of 1930, and shall be treated for the purposes of all provisions of law relating to the customs revenue as a duty imposed by such Act, except that for the purposes of sections 336 and 350 of such Act (the so-called flexible-tariff and trade-agreements provisions) such tax shall not be considered a duty or import restriction, and except that no preference with respect to such tax shall be accorded any articles imported or brought into the United States."

"Sec. 405. (a) * * *

"(b) * * *

"(c) The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe such rules and regulations as may be necessary to carry out all provisions of this title except section 403.

*   *   *   *   *   *

"Sec. 406. The provisions of this title shall become effective on the date of enactment of this Act."

Section 401, the first section of Title IV, related to definitions, and section 404 related to exportation, livestock feed, and distillation.

Treasury Regulations 99, approved by the Secretary of the Treasury and promulgated under Section 402 of the Sugar Act of 1937, provided:

"Art. 200. Effective date.—The tax is effective with respect to the manufacture of manufactured sugar from the first moment of September 1, 1937, the date of enactment of the Sugar Act of 1937."

"Art. 205. When the tax attaches.— (a) The tax attaches upon the completion of that process of manufacturing the direct result of which is manufactured sugar. If the completion of the manufacturing process takes place during the period the tax is in effect, the tax attaches, notwithstanding that some part of the manufacturing process took place before such period."

"Art. 504. Records.—(a) Inventory.— Every manufacturer of manufactured sugar shall make an itemized inventory of all manufactured sugar held by him, as of the first moment of September 1, 1937. A separate inventory shall be made for each factory, refinery, or other place where such person holds or manufactures manufactured sugar, and a copy of such inventory shall be retained on the premises.

"(b) Manufacturing records.—Every person who on and after September 1, 1937, manufactures manufactured sugar shall keep an accurate record of the manufacturing done by him. A separate record shall be kept at and for each place where the manufacturing is done.

\*   \*   \*   \*   \*   \*

"In pursuance of the provisions of section 405 (c) of the Act and other provisions of the internal revenue laws, the foregoing regulations are hereby prescribed."

T. D. 49160, approved by the Secretary of the Treasury (72 Treasury Decisions, Bureau of Customs), promulgated pursuant to Section 403, Sugar Act of 1937, provided:

"Pursuant to the authority contained in section 403 (a) of the Sugar Act of 1937 (Public, No. 414—75th Congress, approved September 1, 1937), the following regulations are hereby promulgated \*  \*  \*.

\*   \*   \*   \*   \*   \*

"(b) Effective date.—The import compensating taxes prescribed by section 403 are applicable to manufactured sugar and articles composed in chief value of manufactured sugar entered for consumption or withdrawn from warehouse for consumption after the opening of business on September 1, 1937."

In view of all the pertinent language of the act, its apparent purpose, and the interpretive regulations of the Treasury thereunder, we are of opinion that plaintiff's contention that the excise tax imposed by section 402 (a) on manufactured sugar was by section 402 (c) made effective on September 2, 1937, cannot be sustained.

At the outset plaintiff is confronted with the well-established rule that in case of ambiguity or doubt as to the exact meaning of a statute the contemporaneous interpretation or construction thereof by the executive department charged with its administration and enforcement is entitled to great weight, is highly persuasive of the Congressional intent, and should not be disturbed except for the most cogent reasons. Upon consideration of the act as a whole, in the light of its apparent purpose, we think the interpretation thereof by the Treasury was reasonable, and that plaintiff has not overcome this interpretation by the argument that the ordinary meaning of the phrase "sugar manufactured after the effective date of this act" means sugar manufactured on and after the day following the date of approval of the act, and that Congress probably intended by such language to give manufacturers one day within which to appropriately adjust their prices. The language relied upon might mean what plaintiff contends, but whether it does or not depends upon its setting and context. Under plaintiff's argument there is a conflict between subsection (c) of section 402 and section 406 as to the time of imposition of the tax, the latter providing that all the provisions of Title IV shall become effective on the date of enactment of the act, and that date was September 1, 1937. Plaintiff contends, however, that the specific language of subsection (c) must control over the general language of section 406, and that "if the specific language of section 402 (c) were not controlling and given effect, it would be rendered meaningless." In the circumstances we think the rule with reference to specific and general language is not applicable here, nor do we think that a holding that section 406 is controlling as to the time of imposition of the tax renders the mentioned language of sub-

section (c) meaningless. Reasonably and properly interpreted, both may be reconciled and given full effect according to their apparent purpose. It is well established that this should be done wherever possible. It is admitted that the provisions of section 406 apply to the tax on manufactured sugar as well as imported sugar; it is also admitted that under the language of this section the imposition of the tax on both manufactured and imported sugar became effective from the first moment of September 1, 1937. No reason is shown why Congress would have wished to make a distinction between the time of imposition of the tax on the domestic manufacture of sugar and on imported sugar. The obvious purpose of the act was to raise revenue, and the purpose of imposing the tax upon imported sugar was to maintain a parity between the sugar derived from both sources and not to subject either to an unequal burden. In view of this, is the language of subsection (c) of section 402 relied upon sufficient, in itself, to overcome the effect and purpose of section 406? We think not. Subsection (c) of section 402 was not specifically directed to the imposition of the tax by subsection (a) of that section, but was dealing with and directed to the making of monthly returns and payment of the tax so imposed in the months following the date on which the act became effective. In the drafting of that section the mind of Congress was apparently on these matters, rather than on the matter of the levy or imposition of the tax, and the language used, i. e., that "The manufacturer shall file on the last day of each month a return and pay the tax with respect to manufactured sugar manufactured after the effective date of this title (1) which has been sold, * * *," doubtless had reference to sugar manufactured after the act became effective or after the effective time of the act. See Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 174, 175, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102. This interpretation which the Treasury gave to the section is a reasonable one, and gives the subsection full effect as to its subject matter. Compare Tasty Baking Co., v. United States, 38 F.Supp. 844, 93 Ct.Cl. 667, 674. On the other hand, section 406, while perhaps general as to some matters, was more specific as to the effective date of the imposition of the tax under subsection (a) of section 402 than was subsection (c). Section 406 must therefore control.

The petition must therefore be dismissed. It is so ordered.

MADDEN, Judge; WHITAKER, Judge; and WHALEY, Chief Justice, concur.