**Petition of DONSKY.**

**In re GONZALEZ.**

District Court, S. D. New York.
May 13, 1948.

George F. O'Neill, of New York City, for petitioner.

Oswald I. Kramer, for the United States.

HULBERT, District Judge.

After having read the minutes of a preliminary hearing before a designated Examiner at 70 Columbus Avenue, New York, N. Y., on the 17th day of October, 1947, and after a final hearing before this Court on May 10, 1948, the petition is denied, upon the ground that Gloria Gonzalez is a citizen of the United States of America.

The reason for my determination is as follows:

Gloria Alvarez Donsky was born Gloria Alvarez y Levy, at Tampa, Florida, on August 30, 1909; her father was a native and citizen of Spain and her mother was a native and citizen of France. When Mrs. Donsky was about 5 years old she removed with her parents to Cuba and

continued to reside there until 1936. In the interim she made many trips to the United States on her mother's passport until she was 18 years of age; at that time she was in Paris and went to the American Embassy where she took the oath as an American citizen and received, and thereafter traveled on her own United States passport and has never renounced her American citizenship or expatriated herself, but has always continued to be, and is, a citizen of the United States of America.

On July 30, 1932, the petitioning child's mother married Marcos Gonzalez y Valls, a native and citizen of the Republic of Cuba, and of that union a daughter was born at Havana, Cuba, on August 30, 1933, and is the Gloria Gonzalez, the petitioning child herein.

That on or about November 30, 1936, the petitioning child's mother was divorced from the child's father in the Court of First Instance of the Northern District of Havana, and the custody of said child was awarded to the mother and she thereupon came to the United States and was admitted for permanent residence on December 11, 1936, and has ever since resided with and was in the same household with her mother up to April 10, 1945, when her mother remarried to one Donsky. Since that date the child has continued to live with her maternal grand-parents at 2 Beekman place, Borough of Manhattan, New York City.

It appears, since the mother's remarriage, she and her husband have been unable to obtain only a one room apartment, but the proof is that the child visits her every day, and as soon as a larger apartment can be procured the child will become a member of the household of her mother and step-father.

In the case of Fernando Jorge Coll y Picard the opinion of the Attorney General of the United States (37 Op.Atty. Gen. 90) concerned a child born in Spain in 1927 to a native American woman who had been married in 1923 to a Spanish citizen and returned to the United States with her minor child and secured a divorce in 1931 and the decree awarded her custody of the child. It was the determination of the Attorney General that the child in that case had derived United States citizenship under the provisions of Section 5 of the Act of March 2, 1907, 34 Stat. 1229, which provided that a child born without the United States of alien parents shall be deemed a citizen by virtue of the naturalization of or resumption of American citizenship by the parent, provided such naturalization or resumption takes place during the minority of the child, the citizenship to begin at the time such minor child begins to reside permanently in the United States. The Attorney General wrote:

"While under Section 5 of that statute Congress is dealing with cases of resumption of American citizenship, there seems to be no good reason for supposing that the Congress intended to decline to grant citizenship to the minor child merely because its mother never lost her American citizenship, having married after the effective date of the Act of 1922 [42 Stat. 1022]. I think, therefore, that so far as the citizenship of her children is concerned, Mrs. de Coll should be treated as in precisely the same situation as one who had resumed her citizenship."

In the present case, the mother may be considered to have resumed citizenship in 1936 upon her divorce from her husband and her return to this country. The child did not enter the United States until December 11, 1936.

Section 5 of the Act of March 2, 1907, was amended by Section 2 of the Act of May 24, 1934, 48 Stat. 797, which required completion of five years residence in the United States by the child before derivative citizenship can be acquired. That amendment was in effect at the time of the entry of the child in the instant case, on December 11, 1936. It has been held that such five years residence in the United States must have been completed before the effective date of the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq., that is, January 13, 1941. U. S. ex rel Aberasturi v. Cain, 2 Cir., 149 F.2d 449. Since the child in the instant case could not complete five years residence in the United States prior to January 13, 1941, she cannot be regarded as having derived

United States citizenship under Section 5 of the Act of March 2, 1907, as amended by the Act of May 24, 1934.

■ There is, however, another statute under which the child in the present proceeding may be regarded as having derived United States citizenship (i. e. according to the interpretation in the case of Coll y Picard), namely, Section 4 of the Act of April 14, 1802, 2 Stat. 155, R.S. § 2172, which reads in part, as follows:

"The children of persons who have been duly naturalized under any law of the United States, or who, previous to the passing of any law on that subject, by the Government of the United States, may have become citizens of any one of the States, under the laws thereof, being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof; * * *"

While the foregoing statute was expressly repealed by Section 504 of the Nationality Act of 1940, 8 U.S.C.A. § 904, it may be said that the general rule is that R.S. § 2172 was regarded as continued in effect until January 13, 1941, the effective date of the Nationality Act, notwithstanding the Act of March 2, 1907, and the Act of May 24, 1934, neither of which specifically repealed R.S. § 2172 and the effect of these Acts upon the derivation of citizenship under the Act of April 14, 1802, gave rise to much judicial interpretation with results that were not entirely uniform.

This Court believes the general rule to be that R.S. § 2172 continued in effect after the adoption of Section 5 of the Act of March 2, 1907 (Hackworth, Dig.Int. Law, Vol. 3 pp. 72–74, 76), particularly in the absence of an express repealer in the Acts of 1907 or 1934. Furthermore, since R.S. § 2172 was expressly repealed by Section 504 of the Nationality Act of 1940, it would seem that the intent of Congress was definitely established, viz., that R.S. § 2172 was in effect until January 13, 1941. Therefore, it follows, that since the child's mother resumed her American citizenship in 1936, and her child arrived in the United States for permanent residence on December 11, 1936, that the required completion of five years residence in the United States by the child before derivative citizenship could be acquired by her, has been complied with, since R.S. § 2172 does not require a five years' permanent residence.

Examining further R.S. § 2172 to determine its effect on the child now under consideration, it should be observed that it refers to derivation of citizenship by children of "parents" (plural) who were naturalized in the United States courts. The question presents itself, therefore, whether the child here being considered could (under the decision in Coll y Picard) be considered to have derived United States citizenship in view of the fact that only one of her parents—the mother—is a citizen of the United States.

This question was interpretated by the Attorney General in regulations promulgated August 8, 1940, designated General Order C–21 (8 CFR 29.2 (h) (5) ), which provided that:

"United States citizenship is acquired as a result of the naturalization of another person by a child, born of alien parents both of whom or the *survivor* of whom was naturalized before the child reached the age of twenty-one years, either

"(a) Upon the naturalization of both parents or of the *survivor* if the child then resided permanently in the United States.

"(b) Upon the admission of the child to the United States for permanent residence before she reaches the age of twenty-one years. (Underscoring supplied)."

■ While General Order C–21 was subsequently rescinded by the 6th supplement to General Order C–28 of December 20, 1941 (8 CFR 170.2), the interpretation was not necessarily affected. The interpretation given to a statute by the Executive Department charged with its administration and enforcement is entitled to great weight and is highly persuasive of the Congressional intent. American Sugar Refining Co. v. United States, 102 Ct.Cl. 180, 56 F.Supp. 988, 102 Ct.Cl. 180.

The principles laid down in said regulation are supported by Judicial precedent. Petition of Drysdale, E.D.Mich.1927, 20 F.2d 957, 958. Furthermore, the view that the child could derive citizenship under R.

S. § 2172 through the mother alone, where the father is not living, or where the marital relation was otherwise terminated and the mother had custody of the minor child, is also the view of the Department of State.

This view is based upon a conclusion that it was the intention of Congress that the citizenship of minor children should follow that of the parents, or where either parent was deceased, that of the surviving parent. Hackworth, Dig.Int.Law, Vol. 3, p. 79.

■ It would seem that the same rule necessarily applies to cases in which the marital relationship terminated by divorce and the sole custody of the minor is granted to the mother, whose United States citizenship is unquestionable.

Under such circumstances, the mother is in the same position as a *surviving parent*. The other parent may be regarded exactly as an alien parent who had been naturalized or had died. The child, therefore, can and does derive citizenship through the citizenship of her mother under R.S. § 2172, and that result also follows in the instant case.

Accordingly it must be concluded that the petitioning child herein has failed to establish that she is an alien or national of the United States, eligible for naturalization. The same conclusion was arrived at by a Naturalization Court in a case involving similar circumstances, in the matter of the Petition of Black, D.C.Minn. 1945, 64 F.Supp. 518. The court there held that the child derived United States citizenship under the Act of May 24, 1934 through the resumption of United States citizenship by the mother, such resumption being regarded as having been effected in accordance with the decision in the case of Coll y Pickard.

■ With respect to the matter of petitioning child's separation from her citizen parent at the present time, it is observed that Section 315 of the Nationality Act of 1940, 8 U.S.C.A. § 715, requires that the beneficiary child shall be eligible for naturalization under that section of the Act if it is residing "with the citizen parent" in the United States. The record shows that the child in the instant case lived continuously with her citizen parent in the United States from the time of her arrival until April 10, 1945, when such parent remarried. While the child now lives with her grandparents, she visits her own mother every day, and the fact that the child is living in a separate household is only because of the exigencies of the housing situation now current in this country, and particularly in the City of New York. The mother has asserted under oath that the lack of more commodious quarters has caused this separation, and that she fully intends to have the child resume her status as a member of the household of the mother and the child's step-father as soon as this can be made possible.

In view of all the circumstances, it is concluded that the requirements of Section 315 have been complied with in the instant case and that notwithstanding the temporary physical separation of the child from her mother, the child may be considered to be residing with her citizen parent within the meaning of that section.

However, since the petitioning child has failed to establish that she is an alien or national of the United States eligible for naturalization, the petition must be denied, but the order to be entered hereon should contain a specific provision that such petition is denied for the reason that the petitioning child is a citizen of the United States, so that such child will have documentary proof to enable her, when she attains her majority to prove her right to register and vote. And, also, regardless of attaining her majority, to obtain a passport or to use the document for other purposes, such as, entering a school where such proof is required.