HARRIS v. EWING, Federal Security Administrator.

Civ. A. No. 643.

United States District Court
N. D. Alabama, E. D.

Nov. 29, 1949.

Edwin B. Livingston, Sylacauga, Ala., for plaintiff.

John D. Hill, U. S. Atty., Birmingham, Ala., Wm. L. Hogue, Asst. U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, District Judge.

By the pleadings herein, the Court is required to review a decision of the Federal Security Administrator adverse to plaintiff's contentions, as authorized by Section 205 (g) of the Social Security Act, as amended [42 U.S.C.A. § 405(g)], hereinafter referred to as "the Act."

Hulon Harris, plaintiff's son, hereinafter referred to as the "wage earner," died on October 22, 1948, domiciled in the State of Alabama. He was at the time of his death a "fully insured individual" within the meaning of Title II of the Act, as amended, 42 U.S.C.A. § 401 et seq.

The wage earner was married to Betty Harris on February 14, 1947. She had a child, Barbara J. Fleener, of a former marriage, who was born on September 8, 1944. Betty had been divorced from her first husband, Dean Fleener, now living in the State of Tennessee, in 1945. Since the divorce, the said Dean Fleener has neither lived with his child nor made any contributions toward her support. Following his marriage to Betty, the wage earner lived with Betty and his stepchild, Barbara J. Fleener, in Sylacauga, Alabama, until May, 1948, when the wage earner and his wife, Betty, separated; there was no divorce.

After the separation and up to the date of his death, the wage earner made no substantial contribution to the support either of wife or of stepchild. At the time of the wage earner's death, his stepchild was being maintained and supported solely by her mother, who was gainfully employed.

Plaintiff, the wage earner's mother, with whom he was living at the time of his death, paid the expenses of his burial and duly filed an application for a "lump-sum death payment" as provided by Section 202(g) of the Act, 42 U.S.C.A. § 402(g). Previously, an application for benefits on behalf of Barbara J. Fleener, as provided by Section 202(c) of the Act, 42 U.S.C.A. § 402(c), had been filed by her mother. The former was disallowed; the latter allowed; hence this litigation.

■ It is clear from the provisions of Section 202(g) of the Act,[1] that a lump-sum death payment may be made only where an insured wage earner dies leaving no person eligible for monthly benefits commencing with the month in which such wage earner died, and that where the wage

1. Section 202(g) of the Act, 42 U.S.C.A. § 402(g), provides as follows: "Upon the death, after December 31, 1939, of an individual who died a fully or currently insured individual leaving no surviving widow, child, or parent who would, on filing application in the month in which such individual died, be entitled to a benefit for such month under subsections (c), (d), (e), or (f) of this section, an amount equal to six times a primary insurance benefit of such individual shall be paid in a lump sum to the person, if any, determined by the Administrator, to be the widow or widower of the deceased and to have been living with the deceased at the time of death. If there is no such person, or if such person dies before receiving payment, then such amount shall be paid to any person or persons, equitably entitled thereto, to the extent and in the proportions that he or they shall have paid the expenses of burial of such insured individual. No payment shall be made to any person under this subsection, unless application therefor shall have been filed, by or on behalf of any such person (whether or not legally competent), prior to the expiration of two years after the date of death of such insured individual."

earner is survived by an individual who became or could have become entitled to a monthly benefit for the month in which the wage earner died, no lump-sum death payment can be made to anyone, whether to the surviving spouse under the first sentence of Section 202(g), or to a person who has paid the burial expenses, under the second sentence of such section.

In her complaint, plaintiff tacitly concedes the validity of this premise. But vigorously she presses her contention, rested upon the provisions of Section 209 (m) of the Act, 42 U.S.C.A. § 409(m),[2] that the wage earner's stepchild could qualify for benefits only if under the law of the State of Alabama a stepchild is entitled to inherit from the stepfather's estate, and that, since under the law of the State of Alabama, a stepchild, who has not been legally adopted by him, is not entitled to inherit from the stepfather's estate, Barbara J. Fleener is not entitled to monthly benefits and that, hence, the wage earner was not survived by an individual eligible to receive a monthly benefit for the month in which he died, and that, consequently, a lump-sum death payment is payable to the plaintiff with respect to her payment of the wage earner's burial expenses.

This will not do. The Congress carefully, and explicitly, declared a stepchild to be entitled to the benefits conferred upon a child by the provisions of Section 202(c) of the Act, irrespective of state laws pertaining to the devolution of estates. Section 209(k) of the Act[3] is subject to no other rational interpretation. Obviously, the inheritance test supplied by Section 209(m) of the Act applies only to a natural or blood child of the wage earner, which is but one of the three categories of "child" included in definitive Section 209(k), the other two being a stepchild and an adopted child.

A more serious question suggests itself to the Court. Was Barbara J. Fleener dependent upon the wage earner at the time of his death? In reality she was not, since her mother provided for her support and maintenance without any contribution from the wage earner. But the status of dependency was particularly defined by the Congress in relation to the eligibility of a stepchild to a child's insurance benefits in Section 202(c) (4) of the Act, 42 U.S.C.A. § 402(c) (4).[4] While in the factual situation which obtains here such definition may seem to ignore the realities of life, nevertheless it may be equated with the

2. Section 209(m) of the Act, 42 U.S.C.A. § 409(m), reads as follows: "In determining whether an applicant is the wife, widow, child, or parent of a fully insured or currently insured individual for purposes of sections 401-409 of this title, the Board shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, widow, child, or parent shall be deemed such.

3. Section 209(k) of the Act, 42 U.S.C.A. § 409(k), is as follows: "The term "child" (except when used in section 402(g) of this title) means the child of

an individual, and the stepchild of an individual by a marriage contracted prior to the date upon which he attained the age of sixty and prior to the beginning of the twelfth month before the month in which he died, and a child legally adopted by an individual prior to the date upon which he attained the age of sixty and prior to the beginning of the twelfth month before the month in which he died."

4. Section 202(c) (4) of the Act, 42 U.S.C.A. § 402(c) (4), is quoted as follows: "A child shall be deemed dependent upon a mother, adopting mother, or stepparent, or to have been dependent upon such individual at the time of the death of such individual, only if, at the time of such death, or, if such individual was living, at the time such child's application for child's insurance benefits was filed, no parent other than such individual was contributing to the support of such child and such child was not living with its father or adopting father."

social and economic ills at which this legislation was aimed.

The definitive language of the foregoing section is not unambiguous. The clause "no parent other than such individual was contributing to the support of such child" might, without doing violence to rhetoric be read "no parent (including the natural mother) other than such individual (the wage earner) was contributing to the support of such child". Such a construction would eliminate Barbara J. Fleener from the category of eligibles and would entitle plaintiff to a lump-sum death payment.

On the other hand, the same clause, with equal facility, might be read "no parent other than the mother, adopting mother, or step-parent was contributing to the support of such child." Such a construction would establish the eligibility of Barbara J. Fleener to a child's insurance benefits since her natural father was not contributing to her support and she was not living with her natural father.

■ Contemporaneous administrative construction [5] favors the latter interpretation. Unless such administrative elucidation is plainly erroneous or inconsistent with the statute it undertakes to construe, it ought not to be overturned by the courts.[6]

■ Moreover, the legislative history of the Act [7] is strongly persuasive, if not altogether conclusive, that the contemporary administrative construction of the statutory provisions here involved accomplishes the Congressional intent.

It is my conclusion that plaintiff has failed to establish her contentions; that the Administrator properly applied the pertinent statutory provisions and the regulations promulgated by the Social Security Board pursuant thereto in granting the application in behalf of Barbara J. Fleener for a child's insurance benefits, and that the decision of the Administrator is due to be affirmed.

Accordingly, a judgment will be entered affirming the decision of the Administrator and dismissing plaintiff's action.

5. In May, 1940, the Social Security Board, in pursuance of the express authority of Sections 205(a) and 1102 of the Act, 42 U.S.C.A. §§ 405(a), 1302, promulgated Regulations No. 3, including Section 403.-404(e) [Title 20 Code of Federal Regulations, 1947 Supplement, Section 403.-404(e)], which reads as follows:

"(e) Dependency upon mother, adopting mother, or stepparent.—A child who has filed application for child's insurance benefits based upon the wages of its mother, adopting mother, or stepparent is deemed to have been dependent upon such individual at the time such application was filed (if such individual was then living), or to have been dependent upon such individual at the time of the individual's death, as the case may be, if at such time both the following conditions exist:

"(1) Neither its father nor adopting father was contributing to the support of the child, and

"(2) The child was not living with its father or adopting father."

6. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700; Ralph Knight, Inc. v. Mantel, 8 Cir., 135 F.2d 514; McLaren v. Fleischer, 256 U.S. 477, 41 S.Ct. 577, 65 L.Ed.

1052; Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796; United States v. American Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345; Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397; American Sugar Refining Co. v. United States, 56 F.Supp. 988, 102 Ct.Cl. 180; Morgan v. Social Security Board, D.C., 45 F. Supp. 349.

7. In Senate Report No. 734, 76th Congress, 1st Session, at page 44, in a discussion of "child's insurance benefits," with particular reference to the term "dependent upon," it is stated: "As a child is not usually financially dependent upon his mother, adopting mother, or stepparent, paragraph (4) provides that, for the purposes of paragraph (1), a child shall not be deemed dependent upon any such individual unless, at the time the child's application for benefits is filed, or, if such individual is dead, at the time of death, no parent other than such mother, adopting mother, or stepparent was contributing to the support of the child and the child was not living with his father or adopting father." The same statement appears also in House Report No. 728, 76th Congress, 1st Session, at page 36.