Josephine **LEVINE**, Plaintiff,

v.

Abraham **RIBICOFF**, as Secretary of Health, Education and Welfare of the United States, Defendant.

United States District Court
S. D. New York.

Feb. 3, 1962.

Sidney S. Levine, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for defendant, Robert M. Hausman, Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

In this action both plaintiff and defendant have moved for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. The action to which the motions are directed is one brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare by which the claimant, who is the plaintiff here, was denied old-age insurance benefits.

Eligibility for old-age insurance benefits is contingent upon a showing that the claimant is "fully insured," that is, that she has a minimum of six "quarters of coverage" under Section 214(a) (2) of the Act, 42 U.S.C.A. § 414(a) (2). A "quarter of coverage" is defined in Section 213(a) of the Act, 42 U.S.C.A. § 413 (a), as a calendar quarter in which an individual has been paid wages of at least $50.

The plaintiff was born in 1884 and was 74 years of age when she filed the application for old-age insurance benefits. To establish her right to old-age insurance benefits the plaintiff relies upon alleged employment as a rent collector-bookkeeper during the years 1955 and 1956 by the Silvouplay Realty Corp., a corporation owned and controlled by plaintiff's brother.

It is undisputed that plaintiff was not paid for her services until April 8, 1960, when she received a lump-sum payment of $2,566.20 representing past due salary for the last half of 1955 and all of 1956

at the rate of $35 a week. The plaintiff's brother, Sidney S. Levine, made this payment out of his personal funds as a loan to the corporation. Mr. Levine also drew his personal check in the amount of $163.80 to the order of the Director of Internal Revenue in payment of the combined employer-employee tax due under the Federal Insurance Contributions Act on the alleged salary payment. The latter check was forwarded directly to the Appeals Council of the Social Security Administration in Washington, D. C., with an accompanying letter of April 8, 1960 which stated:

"It is regrettable that the Silvouplay Realty Corp., was in such dire financial straits that it could not make the salary payment until the present time."

The Hearing Examiner, in his decision of May 27, 1960, found that the plaintiff had not been actually or constructively paid during the period of her employment and he held that she had not therefore acquired the requisite six quarters of coverage and accordingly was not entitled to benefits. The Appeals Council of the Social Security Administration denied review and the Examiner's decision thereby became a final decision of the Secretary of Health, Education and Welfare.

The sole issue presented here is whether the Hearing Examiner was correct in his finding that the plaintiff had not acquired six quarters of coverage within the meaning of Section 202(a) of the Social Security Act, 42 U.S.C.A. § 402 (a). Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), provides that in the consideration by a reviewing court of a decision of the Secretary "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Section 213(a) of the Social Security Act, 42 U.S.C.A. § 413(a), defines a "quarter of coverage" as meaning "a quarter in which the individual *has been paid* $50 or more in wages * * *." (Emphasis added)

In the Social Security Administration Regulations, No. 4, § 404.1001, 20 CFR 404.1001, "wages paid" is defined as "wages actually or constructively paid." The same regulations further provide that "wages are constructively paid when they may be drawn upon by the employee at any time although not then actually reduced to possession."

■ A regulation of the Social Security Administration interpreting a section of the Social Security Act is entitled to substantial weight and must be sustained unless unreasonable. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948); Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397 (1931); Lykes v. United States, 343 U.S. 118, 127, 72 S.Ct. 585, 96 L.Ed. 791 (1952). The interpretation of the Social Security Administration as embodied in its regulations applicable to this case is not unreasonable and should be given effect as a valid interpretation of the Act.

■ In this case the decision of the Hearing Examiner, as adopted by the Secretary, is plainly supported by substantial evidence. The uncontroverted evidence establishes that the corporation by which plaintiff was employed did not have sufficient funds to pay wages due plaintiff at any time during the continuance of her employment or thereafter. In addition, the salary payments due plaintiff were not available to her either before or after the liquidating sale of the corporation's real estate holdings which took place at the end of 1956. The president of the corporation testified that the corporation operated at a loss; that it had no assets from which the plaintiff could draw wages; and that the proceeds which were realized from the sale of buildings were used to pay other debts. In fact, the payment of wages eventually made in 1960 was made out of the personal funds of the corporation's president and sole stockholder.

694

The mere crediting of wages to an employee's account on the employer's books obviously did not constitute an actual payment of wages. Nor could the wages be considered as constructively paid under the definition of the regulations where the employer credited wages to the employee's account but did not have or maintain the funds to make the payment. Such wages were not such as "may be drawn upon by the employee at any time."

Since the Social Security Administration was justified in finding that the plaintiff was not paid during 1955 and 1956, actually or constructively, she did not acquire the requisite six quarters of coverage, as necessary under the statute, and she was correctly held to be not eligible for old-age insurance benefits. Morgan v. Social Security Board, 45 F. Supp. 349 (M.D.Pa.1942).

The defendant's motion for judgment on the pleadings is granted. The plaintiff's motion for judgment on the pleadings is denied. So ordered.