**Joseph LaBONNE, Plaintiff,**

v.

**Margaret HECKLER, Secretary of HHS, Defendant.**

**Civ. No. 4–83–40.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 10, 1984.

See also 574 F.Supp. 1016.

Ethel Schaen, St. Paul, Minn., for plaintiff.

James M. Rosenbaum, U.S. Atty. by Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## ORDER

MILES W. LORD, Chief Judge.

The issue in this case is whether plaintiff has worked a sufficient amount of time to satisfy earnings requirements for disability benefits under the Social Security Act. The Secretary of Health and Human Services (Secretary) denied benefits, ruling that plaintiff accumulated only 19 of the necessary 20 quarters of employed coverage. For what might have counted as the crucial twentieth quarter, the Secretary in essence found that plaintiff received his paycheck too late—by one day—to meet eligibility standards.

## FACTS

Plaintiff Joseph LaBonne applied in August 1981 for disability insurance benefits under 46 U.S.C. § 416(i) and § 423. He was 61 years old at the time and had been working as a police officer and security guard. However, he claimed that he had been rendered disabled by a heart condition and high blood pressure, which left him with severe fatigue, shortness of breath, and chest pain which radiated into his arms and back.

LaBonne's first attempts to qualify for benefits were unsuccessful. The agency denied both his initial application and his petition for reconsideration because it did not consider his physical impairments to be of sufficient severity. He then requested a hearing before an Administrative Law Judge, who reversed the earlier findings and held that LaBonne was disabled under the Act from the date of January 13, 1981.

This administrative victory was shortlived. Not long after the ALJ's decision, the agency's Appeals Council on its own motion raised the issue of whether LaBonne was one working quarter short of eligibility. The quarter in question was the first in the year of 1977. On March 14 of that year, LaBonne began working as a security officer for Mercy Medical Center in Anoka. He worked five days a week, for $6.98 per hour. LaBonne's first paycheck covered the period from March 14

through March 27. However, this first check was not issued until April 1, one day after the end of the quarter. The Appeals Council held that this was the determinative date for the purpose of calculating insured quarters.

LaBonne, arguing that he was "constructively paid" before the end of the first quarter, filed this action to review the final decision of the Secretary pursuant to 42 U.S.C. § 405(g). Both parties have moved for summary judgment.

## DISCUSSION

Title 42 U.S.C. § 423(c)(1)(B) sets forth the requirements for insured status under the Social Security Act. In order to qualify for disability insurance benefits, a claimant must have received wages while working in an insured job for at least 20 quarters during the 40-quarter period preceding the date of disability.[1] Agency regulations specifically provide that wages may be deemed received not only when they are actually paid but also when they are constructively paid. Constructive payment is defined as follows:

> Wages are constructively paid when they are credited to the account of or set apart for an employee so that they may be drawn upon by him at any time, although not then actually reduced to possession. To consider payment in such a case ... the wages must be credited to or set apart for the employee *without any substantial limitation or restriction* as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that they may be drawn upon any time, and their payment brought within his own control and disposition....

20 C.F.R. § 404.1026(b) (1977) (Emphasis added)[2]

In the present case, the Appeals Council held that there was no constructive payment for the first quarter of 1977. Specifically, the Council stated:

> There is no indication that his wages were credited to, or set aside for, him without any substantial restriction on the time or manner of payment. Moreover, there is no evidence that the employer intended to (and was able to) make payment but failed to do so because of a clerical error or a mistake in the mechanics of payment.

Tr. 8. The court finds this statement, the heart of the Appeals Council decision, incredulous. It is a gross misstatement of the facts and is in direct conflict with the record.

The law does not require that an employer intend to make a payment within the quarter but fail to do so because of an error. This is merely one circumstance under which an employee may claim constructive payment. *See* 20 C.F.R. § 404.-1042(b)(2) (1983). Alternatively, a constructive payment is made when an employee's wages are credited to his account "without any substantial limitation or restriction." 20 C.F.R. § 404.1026(b) (1977). *See also* 20 C.F.R. § 404.1042 (1983).

In this case, LaBonne's wages were recorded and credited to him for the two weeks in March 1977 when he started work at the hospital. *See* Tr. 111. LaBonne did not receive his first check until April 1, one day after the end of the first quarter, in accordance with the hospital's routine computerized payroll schedule.

However, the wages would have been paid to LaBonne earlier had he so request-

---

1. The Appeals Council found that LaBonne had accrued only 16 quarters of coverage as of January 13, 1981, the date his disability commenced. This would leave LaBonne far short of the eligibility requirements. However, the Appeals Council also found that LaBonne had earned 19 quarters by the end of 1981. (Tr. 7) Since there is no indication that LaBonne's disability had been cured by that time, he is eligible for benefits beginning that quarter if he gains coverage for the one quarter that is the focus of this opinion.

2. This regulation was in effect during 1977, the year in question. It has since been modified slightly under 20 C.F.R. § 404.1042 (1983). This court would reach the same conclusion as to constructive payment for LaBonne under either regulation.

ed. In November 1981, the Social Security Administration sent a letter to the hospital's payroll department. The administration asked the hospital two questions. Tr. 111. First, would payroll funds have been available to pay LaBonne on March 31? Second, would the hospital have given LaBonne his first check on March 31 if he had asked for it on that date? The hospital answered "yes" to both questions.[3] This clearly indicates that the wages were available "without any substantial limitation or restriction." The money was there for LaBonne's asking.

(The court notes with quite some interest that this letter from the hospital, a crucial piece of evidence, was missing from the administrative file the Secretary submitted to this court. It was added to the record only after LaBonne's attorney found the omission and insisted on a stipulation to place it back in the file.)

The case law indicates that LaBonne would have received constructive payment in the first quarter even without this affirmation by the hospital that he could have been paid on March 31. Two cases are directly on point. (Incredibly, the government cites absolutely *no cases* to support its substantive argument).

In *Weitzel v. Secretary of HEW*, Civ. No. 1–70–76 (D.Idaho Feb. 17, 1971), the plaintiff was denied Social Security benefits because she did not receive a paycheck until two weeks after the close of a quarter. This was in accordance with her employer's normal payroll practices, and there was no indication that the plaintiff could have been paid earlier upon demand. However, the court held that because the plaintiff's account had been credited for work in the earlier quarter and because her employer had sufficient funds to pay her in that quarter, the wages were constructively

paid at that time. "To hold otherwise," the court wrote, "would penalize plaintiff for a purely mechanical process of disbursing her paycheck after the necessary administrative procedure required for the payment of her wages had been completed." *Id.* at 4.

Similarly, in *Hennessey v. Federal Security Administrator*, 88 F.Supp. 664 (D.Conn.1949), the plaintiff received the determinative paycheck three days after the close of a quarter, again in line with her employer's payroll customs. Again, the court held that she was constructively paid for work performed within the quarter. "The wages were credited to her account. There is not the slightest shred of evidence that the plaintiff could not have 'drawn' her wages earned for the week at any time had she attempted to do so, irrespective of motive. The record merely reveals that it was the employer's custom, as it is many employers' practice in this state and approved by statute, to delay paying an employee for wages earned during a week, up to within eight days." *Id.* at 668.

Cases which have found a "substantial limitation or restriction" typically involve situations in which the employer is in such poor financial condition that the claimant would not have been able to draw his wages as earned before the normal payday. *See, e.g., Levine v. Ribicoff*, 201 F.Supp. 692 (S.D.N.Y.1962); *Morgan v. Social Security Board*, 45 F.Supp. 349 (M.D.Pa. 1942).

In the present case, there is no such financial problem. LaBonne could have been paid before the hospital's regular payday had he asked because his wages accrued during the time he worked in March.

Therefore, it is the finding of this court that there is no substantial evidence to support the Secretary's finding that La-

---

**3.** On the second question, regarding whether LaBonne would have been paid on March 31 had he asked, the hospital added a footnote to its answer. After replying "yes," the hospital wrote, "This would depend on the circumstances of the request. Each request is reviewed on an individual basis." This is but a slight qualification of the hospital's overall affirmative re-

sponse to the agency's question. The mere possibility of a restriction upon a demand for payment "without affirmative evidence" that the employer would not have paid the employee under any circumstances does not constitute a "substantial limitation or restriction." *Hennessey v. Federal Security Administrator*, 88 F.Supp. 664, 665, 668 (D.Conn.1949).

Bonne is not fully insured. This court finds that LaBonne did receive constructive payment during the first quarter of 1977, and thus he had accrued the necessary 20 quarters of coverage by the fourth quarter of 1981.

IT IS HEREBY ORDERED That plaintiff's motion for summary judgment be granted and the case remanded to the Secretary for a calculation of benefits in accordance with this opinion.