

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2004

# Fliegler v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1305

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Fliegler v. Comm Social Security" (2004). *2004 Decisions.* Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1305

IRVING FLIEGLER,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-02644
District Judge:  The Honorable Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2004

Before: ALITO, BARRY, and FUENTES, Circuit Judges

(Opinion Filed:  December 16, 2004)

OPINION

BARRY, Circuit Judge

The primary issue raised in this appeal is whether Irving Fliegler, who seeks Social

Security retirement benefits, is entitled to a statutory exemption from the Windfall

Elimination Provisions ("WEP") of the Social Security Act ("the Act"). Specifically, Fliegler challenges the Commissioner's determination that neither 1973 nor 1996 could be counted toward his years of covered employment and, thus, that he was unable to establish his entitlement to the WEP exemption. The District Court determined that the Commissioner's factual findings were supported by substantial evidence in the record, see 42 U.S.C. § 405(g), and concluded that Fliegler's retirement benefits were subject to the WEP. In addition, the District Court rejected Fliegler's argument that he was denied due process in the proceedings before the ALJ. We have jurisdiction pursuant to 28 U.S.C. § 1291. While we exercise plenary review of the legal issues presented, we are bound by the Commissioner's factual findings so long as they are supported by substantial evidence in the record. See Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). We will affirm.

## I. Background

Because we write only for the parties, our discussion of the record is limited to those facts bearing directly on our disposition of this appeal. In 1997, Fliegler retired from private employment and applied for retirement insurance benefits ("RIB") under the Act. Given that Fliegler also receives an annual pension from the federal government based on his former service as an Administrative Law Judge, his RIB would normally be subject to offset under the WEP. Fliegler contended, however, that he had 30 years of covered employment in the private sector, thereby entitling him to a statutory exemption from the WEP.

2

After a series of administrative proceedings, the Commissioner determined that Fliegler had demonstrated only 29 years of covered employment and that he was not exempt from the WEP. In particular, the Commissioner rejected Fliegler's argument that 1973 and 1996 could be counted as years of covered employment. As noted above, Fliegler unsuccessfully challenged this decision in the District Court, and also unsuccessfully claimed that he was denied due process during the proceedings before the ALJ.

## II. Applicability of the WEP

The parties agree that Fliegler established 29 years of covered employment. The only dispute is whether he qualified for a year of covered employment in either 1973 or 1996. If so, his RIB would be fully exempt from the WEP offset. See 42 U.S.C. § 415(a)(7)(D); 20 C.F.R. § 404.213(e)(5). We will consider the two disputed years in turn.

### A.    1973

In order for 1973 to qualify as a year of covered employment for WEP purposes, Fliegler was required to show a minimum of $2700 in covered earnings. See 20 C.F.R. § 404, Subpt. C, App. IV. Fliegler admits that he earned only $1716 from covered self-employment in 1973. He cannot, therefore, count 1973 as a year of covered employment.[1]

---

[1] The District Court should not have addressed Flieger's arguments concerning quarters of coverage given that the only relevant figure for purposes of applying the WEP is the number of years of coverage. See 20 C.F.R. § 404.213(d). Quarters of coverage are

3

**B.     1996**

With respect to 1996, the question is whether the $465 paid to Fliegler by the Woolworth Corp. on January 6, 1997 should be credited as part of his wages for 1996.  If the answer is yes, the parties agree that 1996 qualifies as a year of covered employment.

As the Commissioner noted, the definition of "wages" that Fliegler proposes is not relevant here.  By its own terms, the provision Fliegler cites, 42 U.S.C. § 403(f)(5)(A), applies only in the narrow context of calculating deductions for work under subsection (b).[2]  There is no reason to conclude that Congress intended the § 403(f) definition of wages to apply to any other interpretive issues arising under the SSA, particularly because the SSA includes a general definition of the term "wages."  See 42 U.S.C. § 409.

Unfortunately, § 409 fails to address the question of whether an employee's wages should be credited to the year in which they accrue or to the year in which they are paid.  Corresponding regulations, however, establish that "[w]ages are received by an employee at the time they are [actually or constructively] paid by the employer to the employee." 20 C.F.R. § 404.1042.  This regulation, which serves to fill a gap in the statutory definition of wages, does not appear to be an unreasonable construction of § 409, and is

---

counted in determining an individual's insured status under the Social Security program. See 20 C.F.R. § 404, Subpt. B ("Insured Status and Quarters of Coverage").  Fliegler's insured status is not in dispute.

[2]Specifically, § 403(b) establishes a deduction from an individual's benefits when that individual's earnings in a given month exceed a certain amount.

therefore entitled to <u>Chevron</u> deference.[3] <u>See</u> <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984).

Fliegler does not dispute the fact that he was not <u>actually</u> paid the $465 in 1996. Instead, his position is that he was <u>constructively</u> paid in 1996. Under the rule established in § 404.1042(b), constructive payment occurs when wages are "credited to the account of, or set aside for, an employee so that they may be drawn upon by the employee at any time although not then actually received." Viewing the entire record, there was substantial evidence to support the Commissioner's factual determination that Woolworth did not maintain a policy permitting employees to draw upon their wages prior to receiving their paychecks or that Fliegler's wages had been set aside for him. For this reason, Fliegler's reliance on <u>LaBonne</u> is misguided, <u>see</u> <u>LaBonne v. Heckler</u>, 580 F. Supp. 558, 560-561 (D. Minn. 1984) ("[W]ages would have been paid to LaBonne earlier [than the date he received his paycheck] had he so requested."), and Fliegler cannot establish constructive payment.

---

[3]Both parties, as well as the District Court, cite to the definition of "earnings" found at 20 C.F.R. § 404.429. Subsection (a) of that regulation, however, makes clear that its application is limited to Subpart E of § 404, which is entitled "Deductions; Reductions; and Nonpayments of Benefits." The regulation implementing the WEP, 20 C.F.R. § 404.213, is located in Subpart C of § 404, and therefore it unclear whether § 404.429 is even relevant to this case. This issue need not be addressed, however, because § 404.429(c) expressly adopts the definition of wages found in Subpart K, which includes § 404.1042.

## III.  Due Process

Fliegler also argues that his due process rights were violated because he was not given an adequate opportunity to cross-examine certain key witnesses.  We disagree.  The ALJ's October 26, 2000 letter advised Fliegler, among other things, of his right to either "submit written questions" to adverse witnesses or to "request a supplemental hearing" at which he would be allowed to conduct "such oral questioning of [those] witnesses as may be required for a full and true disclosure of the facts."  App. at 163-64.  In his response, Fliegler declined to avail himself of either option, instead complaining that his due process rights had not been respected with reference to interrogatories of those witnesses, and requesting that the ALJ render a decision.  Id. at 165.  Because Fliegler waived his right to confront those witnesses, his due process claim is without merit.

## IV.  Conclusion

For the reasons set forth above, the order of the District Court will be AFFIRMED.