## McLAREN, ADMINISTRATOR OF McLAREN, *v.* FLEISCHER.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 291.  Argued April 26, 27, 1921.—Decided June 1, 1921.

The Act of May 14, 1880, c. 89, 21 Stat. 140, provides that "where any person has contested, paid the land-office fees, and procured the cancellation of any preëmption, homestead, or timber-culture entry, he shall be notified by the register of the land-office of the district in which such land is situated of such cancellation, and

shall be allowed thirty days from date of such notice to enter said lands." *Held,* adopting the practical construction of the Land Department, that where an existing first-form withdrawal under the Reclamation Act prevented the land from becoming open to entry for more than thirty days after the notice of cancelation issued, a successful contestant of a homestead entry had thirty days after the tract was restored to public entry within which to exercise his preferred right. P. 480.

181 California, 607, affirmed.

THIS was a suit brought by McLaren to establish his equitable title to land patented to Fleischer, and to require Fleischer to convey. The state court of first instance dismissed the complaint, and the certiorari brings up a judgment of the state Supreme Court affirming that judgment. The facts are stated in the opinion.

*Mr. Samuel Herrick,* with whom *Mr. Henry M. Willis* was on the brief, for petitioner.

*Mr. Patrick H. Loughran* for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This case presents a controvery arising out of conflicting applications to enter a quarter section of land under the homestead law. While the land was public and unappropriated one Rider made a homestead entry of it, and later it was included, with other lands, in a first-form reclamation withdrawal.[1] The withdrawal did not extinguish Rider's entry, but while in force prevented the initiation of other claims. It was largely provisional and whenever in the judgment of the Secretary of the Interior any of the lands were not required for the purpose for which the withdrawal was made they were to be restored to public entry. While the withdrawal

---

[1] The withdrawal was made under the provision embodied in the first six lines of § 3 of the Act of June 17, 1902, c. 1093, 32 Stat. 388.

was in force one Fleischer instituted a contest against Rider's entry, at his own cost collected and presented evidence establishing its invalidity and procured its cancelation. Rider acquiesced in that decision and is not concerned in the present controversy. Fleischer had no claim to the land prior to the contest and in instituting and carrying it through acted as a common informer, which was admissible under the public land laws. To encourage the elimination of unlawful entries by such contests Congress had declared in the Act of May 14, 1880, c. 89, 21 Stat. 140:

"In all cases where any person has contested, paid the land-office fees, and procured the cancellation of any preëmption, homestead, or timber-culture entry, he shall be notified by the register of the land-office of the district in which such land is situated of such cancellation, and shall be allowed thirty days from date of such notice to enter said lands."

When Rider's entry was canceled the register sent to Fleischer a written notice informing him thereof and stating that he would be allowed thirty days after the tract was restored to public entry within which to enter it in the exercise of his preferred right as a successful contestant. The notice was dated February 11, 1909. Afterwards the Secretary of the Interior issued an order whereby the lands included in the withdrawal were restored to settlement on April 18, 1910, and to public entry on May 18 following. On the earlier date one McLaren made homestead settlement on this tract and on the later date both Fleischer and McLaren applied at the local land office to make homestead entry thereof,— Fleischer in the exercise of his preferred right and McLaren in virtue of his settlement. Fleischer's application was allowed and McLaren's rejected, the local officers being of opinion that Fleischer had the prior and better right. McLaren appealed and the action of the local

officers was sustained by the Commissioner of the General Land Office and by the Secretary of the Interior. In due course Fleischer received a patent for the land and McLaren then brought this suit to have Fleischer declared a trustee for him of the title and to compel a conveyance in execution of the trust. During the pendency of the suit McLaren died and it was revived in the name of his personal representative. Fleischer prevailed in the court of first instance and again in the Supreme Court of the State. 181 California, 607. A writ of certiorari brings the case here. 253 U. S. 479.

The sole question for decision is whether the officers of the land department erred in matter of law in holding that under the Act of May 14, 1880, Fleischer was entitled to thirty days after the land was restored to entry within which to exercise his preferred right of entry. The words of the act are, "shall be allowed thirty days from date of such notice to enter said lands." Generally, when an existing entry is canceled the land becomes at once open to entry and the act is easily applied. But where, as here, an existing withdrawal prevents the land from becoming open to entry for more than thirty days after the notice of cancelation issues, the application to be made of the act is not so obvious, and it becomes necessary to inquire what is intended. Does the act mean that the preferred right to enter the land is lost if not exercised within thirty days after the notice issues, even though the land is not open to entry during that period? Or does it mean that the contestant shall have thirty days during which the land is open to entry within which to exercise his preferred right, and therefore that if the land is not open to entry at the date of the notice the time during which that situation continues shall be eliminated in computing the thirty-day period? In the practical administration of the act the officers of the land department have adopted and given effect to

the latter view. They adopted it before the present controversy arose or was thought of, and, except for a departure soon reconsidered and corrected, they have adhered to and followed it ever since.[1] Many outstanding titles are based upon it and much can be said in support of it. If not the only reasonable construction of the act, it is at least an admissible one. It therefore comes within the rule that the practical construction given to an act of Congress, fairly susceptible of different constructions, by those charged with the duty of executing it is entitled to great respect and, if acted upon for a number of years, will not be disturbed except for cogent reasons.[2]

The case of *Edwards* v. *Bodkin*, 249 Fed. Rep. 562, and

---

[1] The instructions of June 6, 1905, 33 L. D. 607, contained the following:

"Seventh. When any entry for lands embraced within a withdrawal under the first form is canceled by reason of contest, or for any other reason, such lands become subject immediately to such withdrawal and can not, thereafter, so long as they remain so withdrawn, be entered or otherwise appropriated, either by a successful contestant or any other person; but any contestant who gains a preferred right to enter any such lands may exercise that right at any time within thirty days from notice that the lands involved have been released from such withdrawal and made subject to entry."

The regulations of May 18, 1916, § 29; 45 L. D. 385, 391, contained the following:

"Should the land embraced in the contested entry be within a first-form withdrawal at time of successful termination of the contest the preferred right may prove futile, for it can not be exercised as long as the land remains so withdrawn, but should the lands involved be restored to the public domain or a farm-unit plat be approved for the lands and announcement made that water is ready to be delivered, the preference right may be exercised at any time within 30 days from notice of the restoration or the establishment of farm units." And see *Wells* v. *Fisher*, 47 L. D. 288, for a statement and discussion of the departmental rulings.

[2] *Brown* v. *United States*, 113 U. S. 568, 571; *Webster* v. *Luther*, 163 U. S. 331, 342; *United States* v. *Hammers*, 221 U. S. 220, 228; *Logan* v. *Davis*, 233 U. S. 613, 627; *LaRoque* v. *United States*, 239 U. S. 62, 64.

265 Fed. Rep. 621, in which there was a decree of affirmance by this court, 255 U. S. 221, is cited as upholding a different view of the act. The opinions rendered by the Circuit Court of Appeals do indicate that it was disposed to think the words "thirty days from date of such notice" should be taken literally and strictly, but a careful reading of the opinions discloses that the decision was not put on that ground. As was rightly said by the Supreme Court of the State in the present case, "the decision there was not to the effect that the contestant was by mistake of law given the preference right." Indeed, that case did not call for any expression of opinion on the subject. The plaintiff there was the original homestead entryman and was insisting that his entry had been unlawfully canceled. If that claim was well taken, as was held, the cancelation did not give rise to any preferred right. Besides, the defendant there was not claiming under an entry based on a preferred right, but under entries made after he had relinquished the entry which he claimed was based thereon. Thus the observations of the Circuit Court of Appeals respecting preferred rights were *obiter dicta*, and, as the decree of affirmance in this court was put on other grounds, those observations are neither authoritative nor persuasive.

Here it is not questioned that the original or first entry— that of Rider—was lawfully canceled. McLaren recognized that that entry had been lawfully eliminated when he sought to initiate a claim to the land. He should also have recognized that Fleischer, by his contest, had brought about its elimination and was entitled, as a reward, to enter the land at any time within thirty days after it was restored to entry.

We conclude that the state courts rightly refused to disturb the construction which the officers of the land department had put on the act.

*Judgment affirmed.*