## WELLS v. BODKIN et al.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1923.)

No. 3939.

Public lands ⬤➞103(3)—Heirs of deceased contestant entitled to preference right of entry on relinquishment by contestee.

Under Act May 14, 1880, § 2, as amended by Act July 26, 1892 (Comp. St. § 4537), giving 'the contestant of a homestead entry a preference right of entry for 30 days after notice of cancellation of the contested entry, and extending such right to his heirs in case of his death, he has the same right of preference, and his heirs have in case of his death, where the contest is terminated by a relinquishment by the contestee.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit in equity by Charles E. Wells against Patrick H. Bodkin and Arabella Bodkin. Decree for defendants, and complainant appeals. Affirmed.

This was a suit in equity to have the patentees of certain lands declared trustees for the plaintiff. The facts stated chronologically are as follows: May 18, 1903, one Geiger made homestead entry of the land in controversy. September 8, 1903, the land was withdrawn from public entry by the Secretary of the Interior under the Reclamation Act (32 Stat. 388 [Comp. St. § 4700 et seq.]). January 30, 1908, Florence V. Bodkin filed a contest against the Geiger entry. March 7, 1908, Geiger filed a relinquishment of his entry. July 1, 1908, the contestant was notified by the local land office that she had a preference right of entry for a period of 30 days after the land was restored to entry. January 10, 1910, the land was restored to settlement on April 18, 1910, and to public entry on May 18, 1910. May 18, 1910, the plaintiff and contestant each made homestead application for the land, but on the same day the applications were suspended for investigation as to the character of the land by the Surveyor General. March 25, 1912, the contestant died. May 22, 1912, the suspension was removed and the land again restored to public entry. June 3, 1912, the local land office rejected the homestead application of the plaintiff, and allowed the application of the successful contestant. November 13, 1912, the decision of the local land office was affirmed by the Commissioner of the General Land Office. May 27, 1913, the Secretary of the Interior reversed the decision of the Commissioner because of the death of the contestant, holding that she had acquired no rights by her mere application to enter that would descend to her heirs. August 29, 1913, on rehearing the Secretary of the Interior overruled his former decision, holding that the contestant acquired no rights by her application to enter that would descend to her heirs, but denied the rehearing upon the ground that the father of the contestant had made a homestead entry in his own right, and this precluded him and his wife from perfecting the application of the contestants as her heirs. The Florence V. Bodkin entry was accordingly canceled and the application of the plaintiff allowed. January 3, 1914, in the exercise of his supervisory authority the Secretary of the Interior decided that the father of the deceased contestant might elect within 30 days to relinquish his own homestead entry and make a new entry based on the application of the deceased contestant, with his wife as coheir. The father relinquished his homestead entry accordingly, and upon the entry of himself and wife the patent now in controversy was issued. Upon final hearing the court below dismissed the complaint, and the plaintiff has appealed.

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry M. Willis, of Los Angeles, Cal., for appellant.
Dan V. Noland, of Los Angeles, Cal., for appellees.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). It was held by the Supreme Court in the recent case of McLaren v. Fleischer, 256 U. S. 477, 41 Sup. Ct. 577, 65 L. Ed. 1052, that where land is withdrawn from public entry under the Reclamation Act, a successful contestant of a homestead entry has 30 days after the land is restored to public entry within which to exercise his preference right. Had the contestant in this case survived, that decision would be decisive of every question presented by this appeal, for the facts in the two cases would then be identical. It only remains to consider whether the appellees, as heirs, have succeeded to all the rights of the contestant. The original act of May 14, 1880 (21 Stat. 140), creating the preference right, was silent as to the rights of heirs, in case the contestant died before the final termination of the contest; but this omission was cured by the act of July 26, 1892 (27 Stat. 270 [Comp. St. § 4537]), which provides as follows:

"That should any such person who has initiated a contest die before the final termination of the same, said contest shall not abate by reason thereof, but his heirs who are citizens of the United States, may continue the prosecution under such rules and regulations as the Secretary of the Interior may prescribe, and said heirs shall be entitled to the same rights under this act that contestant would have been if his death had not occurred."

The appellant contends that the contest in this case was finally terminated by the relinquishment of the Geiger entry, and that Congress has made no provision for succession and descent with reference to a mere application to enter. In discussing this question upon the rehearing in the present case the Secretary of the Interior said:

"This statute was manifestly enacted in recognition of the rights acquired and acquirable by a contestant under his contest, and was designed to secure all such rights to the contestant's heirs. To restrict the term used, 'the final termination of the' contest, to the termination thereof as regards the contestee, only, would be contrary to the reason and purpose of the act. No interest of the contestee called for the enactment of such a law. The interest of the contestant, however, based upon a consideration, the payment of the costs of contest on the promise of a prospective right of entry, called for just such an enactment which should secure to such contestant and to his heirs that for which such consideration had been given by him, in part if not wholly, as in the present case; and good faith on the part of the United States with such contestant required such an enactment to apply to all cases where the contestant's death intervenes before the right of entry given him inchoately with his privilege of contest is merged into actual entry or otherwise extinguished in some of the ways indicated. It is within the reason and spirit of the statute so to construe it, and such construction is consonant to the terms necessary to effect the purpose and object of the statute. 'Where a provision admits of more than one construction, that one will be adopted which best serves to carry out the purposes of the act.' Bernier v. Bernier, 147 U. S. 242. The reason assigned for the holding in the case of Garvey v. Tuiska, supra, that Congress had made no provision for succession and descent with reference to a mere application to enter, does not therefore apply in the case of an application to enter filed under a contestant's preference right, but in

such cases, by the act of July 26, 1892, supra, the contestant's heirs have the right to perfect such application filed by him and pending at his death and to make entry thereon." Wells v. Bodkin, 42 Land Dec. 340.

This construction of the statute by the department charged with its administration is just and reasonable, and should be followed by the courts. The question whether the heir should be required or permitted to relinquish a homestead entry in his own right was one between him and the United States with which the appellant had no concern.

It appearing, therefore, that the rights of the contestant were superior to the rights of the appellant, and that the appellees have succeeded to all such rights by operation of law, the decree of the court below must be affirmed; and it is so ordered.