The CITY OF LAWTON, OKLAHOMA; and Charles M. Miller, City Health Officer for the City of Lawton, Oklahoma, Appellants,

v.

N. S. CHAPMAN, d/b/a Chapman Dairy, Appellee.

No. 5760.

United States Court of Appeals Tenth Circuit.

July 28, 1958.

Rehearing Denied Sept. 4, 1958.

Warren F. Crisman, Lawton, Okl., for appellants.

Lee Humphrey, Wichita Falls, Tex., (Cund, Garvin & Baucum, Duncan, Okl., and Bullington, Humphrey, Humphrey & Fillmore, Wichita Falls, Tex., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

The United States District Court for the Western District of Oklahoma, asserting diversity jurisdiction for the requisite amount, has permanently enjoined the City of Lawton, Oklahoma, its officers and agents, from interfering with

the sale and distribution of milk by the Chapman Dairy within the corporate limits of Lawton. The City of Lawton appeals such order contending that the dairy operator, plaintiff below, failed in his proof that the jurisdictional amount was involved in the controversy and that as a consequence the federal court was without jurisdiction to consider the validity of the Lawton ordinance controlling milk distribution within that city.

N. S. Chapman, owner and operator of the Chapman Dairy, is a resident of Texas and operates a milk processing plant in the area of Wichita Falls, Texas, and in compliance with the Wichita Falls ordinance. Desiring to expand his business by selling milk in Lawton, Oklahoma, Chapman sought a permit to do so and was refused upon the ground that he had not met the requirements of the Lawton ordinance controlling milk distribution within the area subject to its police control. This action followed, Chapman alleging that those burdens of the Lawton ordinance [1] with which he was not complying were unreasonable and arbitrary as to him and asserting that his processing and sanitation methods, regulated under and in compliance with the Wichita Falls ordinance, were equal to or above the average of the milk distributors doing business in Lawton.

To support his allegation of the existence of more than $3,000 in dispute, Chapman offered evidence showing that, were he allowed to sell milk in Lawton, he could capture sufficient of the market to allow a profit reasonably anticipated to be more than $5,000 annually. Whether or not the value of the matter in controversy here can be properly measured by an estimate of the profits which could be anticipated from the sale of milk in Lawton is the jurisdictional question we consider.

 It is a well established principle that where the complaint alleges a sufficient jurisdictional amount which is denied by the answer, the burden of proving jurisdiction rests upon the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135. And, since the courts of the United States are of limited jurisdiction, there is a presumption against jurisdiction which obtains throughout the trial of a case. Grace v. American Central Insurance Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932. The reason for these guiding principles is, of course, that the federal courts must act with due regard for the rightful independence of state governments and scrupulously confine their own jurisdiction to the precise limits defined by statute. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248. The interpretation of a state statute or municipal ordinance is basically a problem for local authority and compliance with local law is the foundation of orderly government. When enforcement of such local law is sought to be restrained by resort to the federal court the rule of damages reflects this principle. The amount in controversy is to be determined by the damages which would result to the party requesting the injunc-

1. The Lawton ordinance requires an annual tuberculin test of all herds; the Wichita Falls ordinance requires only compliance with the TB Free Area Testing Plan recommended as a minimum standard by the U. S. Department of Health Education and Welfare. See Public Health Service "Milk Ordinance and Code," 1953, pp. 49–50. The Lawton ordinance also requires that milk be cooled to at least 50 degrees F. within thirty minutes after milking; Wichita Falls allows two hours within which to cool the milk to 50 degrees F. Sec. 11 of the Lawton ordinance, pertinent to an inquiry relative to milk produced beyond the geographical limits of routine inspection by Lawton health officers provides: "Milk and milk products from points beyond the limits of routine inspection of the municipality of Lawton, Oklahoma, may not be sold in the municipality of Lawton, Oklahoma, or its police jurisdiction, unless produced and/or pasteurized under provisions which are equivalent to the requirements of this ordinance, and which are enforced with equal effectiveness, as determined by a milk-sanitation rating."

tion if he were required to comply with the statute or ordinance to carry on his business. McNutt v. General Motors Acceptance Corp., supra. In that case, the plaintiffs attempted to establish jurisdiction of the federal courts by an extensive showing of the net worth of its business in the state which enacted the statute. The court stated [298 U.S. 178, 56 S.Ct. 781]:

"Respondent invokes the principle that jurisdiction is to be tested by the value of the object or right to be protected against interference. * * * But in the instant case, the statute does not attempt to prevent respondent from conducting its business. There is no showing that it cannot obtain a license and proceed with its operations. The value or net worth of the business which respondent transacts in Indiana is not involved save to the extent that it may be affected by the incidence of the statutory regulation. *The object or right to be protected against unconstitutional interference is the right to be free of that regulation. The value of that right may be measured by the loss, if any, which would follow the enforcement of the rules prescribed.* The particular allegations of respondent's bill as to the extent or value of its business throw no light upon that subject. They fail to set forth any facts showing what, if any, curtailment of business and consequent loss the enforcement of the statute would involve. * * *" (Emphasis added.)

Such is the general rule and recognized as such by appellee. To avoid the rule's application appellee argues that Sec. 11 of the Lawton ordinance, supra, is an absolute bar to his entry to the Lawton market through compliance with the city's ordinance. Pointing out that milk processed at places not regularly inspected by Lawton authority cannot be sold in Lawton "unless produced and/or pasteurized under provisions which are equivalent to the requirements of (the)

ordinance, and which are enforced with equal effectiveness * * *", appellee urges that we must construe the ordinance as requiring his milk to be processed under *formal regulations* equivalent to the Lawton ordinance. Since the Wichita Falls ordinance does not require flash cooling of milk nor annual tuberculin tests for dairy herds, appellee states he cannot comply without actually processing his milk within the geographical limits of Lawton inspection. Such would be an unlawful restriction. Dean Milk Co. v. City of Madison, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329. We find no such constraints in the Lawton ordinance nor in the administrative construction of the ordinance.

■ There is undisputed evidence in the record that the Lawton City Health Officer who is responsible for enforcement of the ordinance would issue a permit to Chapman if the Wichita Falls Health Officer advised him that appellee's milk was in compliance with the Lawton ordinance. Furthermore, it appears that it has been a standing practice of the Lawton Health Officer to issue permits as a matter of course to processors located outside the area of his routine inspections upon receipt of reports from the sanitarians of those areas showing that the producer is complying with Lawton's standards. The producers in Chickasha, Oklahoma, distribute their milk in Lawton under just such an arrangement even though they process their milk under an ordinance not requiring flash cooling. It is a familiar rule in considering legislation which is fairly susceptible of different constructions that the practical construction given to it by those charged with its enforcement is entitled to great respect. United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361; McLaren v. Feishcher, 256 U.S. 477, 41 S.Ct. 577, 65 L.Ed. 1052; Sutherland, Statutory Construction, Vol. 2, §§ 5103–5107.

While the interpretation and application of the ordinance by the city health officer is not necessarily controlling, it appears that the substance of the Lawton

ordinance requires only that all milk sold in Lawton be produced so as to comply with the ordinance standards. The construction advanced by appellee would have the effect of prohibiting the distribution of milk in Lawton produced on the Chickasha milkshed as well as the other surrounding areas. But the fact is that milk from those areas is sold in Lawton under permits authorized by the city officials. We must assume that the legislation of a city was intended to be effective and operative. There was no evidence adduced in the trial of the case which indicated any design to prevent importation of milk from Texas, and the record discloses nothing which indicates that the ordinance provisions were enacted or are enforced for any other reason than to insure healthful sanitary standards for the local milk supply.

■ The record does not support the contention that it is impossible for appellee to comply with the Lawton ordinance. The ordinance cannot be set aside because compliance may be burdensome. Independent Dairyman's Ass'n, Inc., v. City and County of Denver, 10 Cir., 142 F.2d 940, and cases cited. The applicable rule of the measure of damage is, then, as stated in McNutt v. General Motors Acceptance Corp., supra, the amount of pecuniary loss that would result to appellee if he is forced to do business in Lawton hampered by the expenses incident to compliance with the city ordinance. There is a total failure of proof in this regard and the trial court should have dismissed the action for failure of proof of the existence of a controversy involving the prerequisite amount conferring jurisdiction. 28 U.S.C.A. Sec. 1332. The judgment is accordingly reversed with instructions to vacate the prohibitory and mandatory injunction and grant appellants' motion to dismiss the action.