Catherine A. LIETZ, Appellant,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Social Security Administration of the United States, Appellee.

No. 13505.

United States Court of Appeals
Sixth Circuit.

March 3, 1959.

312

Rowland W. Fixel, Detroit, Mich., Fixel & Fixel, Detroit, Mich., on the brief, for appellant.

Bernard Cedarbaum, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Washington, D. C., Fred W. Kaess, U. S. Atty., Detroit, Mich., for appellee.

Before MILLER, Circuit Judge, and WEICK and GOURLEY, District Judges.

GOURLEY, District Judge.

This is an appeal from the refusal of the district court to review a final decision of the Secretary of Health, Education and Welfare disallowing appellant's application for Widow's Insurance Benefits under provisions of the Social Security Act, as amended 42 U.S.C.A. § 401 et seq.

This question is raised: Does Sec. 109 of 1954 Amendments to Social Security Act which redefines the term "fully insured individual" with respect to persons who died prior to September 1, 1950 repeal by implication the requirement of Sec. 202(e)(1) that the "fully insured individual must have died after 1939"? [1]

I. Section 109 of the 1954 Amendments to the Social Security Act, 42 U.S.C.A. § 415 note provides in pertinent part:

"(a) In the case of any individual—

"(1) who died prior to September 1, 1950, and was not a fully insured individual (under title II of the Social Security Act), when he died, and,

"(2) who had not less than six quarters of coverage (as defined in such title), such individual shall, except for purposes of determining entitlement of a former wife divorced to benefits under section 202(g) of the Social Security Act be deemed to have died a fully insured individual. Such individual's primary insurance amount shall be computed under subsection (a) (2) of section 215 of such Act. For the purpose of such computation, the provisions of Section 215(d) (3) of such Act shall apply if such individual died a currently insured individual (under title II of such Act) and any other person was entitled on the basis of his wages to monthly benefits or a lump-sum death payment under section 202 of such Act; in all other cases the provisions of section 215(d) (4) shall be applicable except that such individual's closing date shall be the first day of the quarter in which he died. In the case of any such individual, the requirement in subsection (h) of section 202 of such Act that proof of support be filed within two years of the date of his death shall not apply if such proof is filed before September 1956.

Title II of the Social Security Act, as amended, 42 U.S.C.A. § 401 et seq., provides in pertinent part:

Section 202(e) (1) "The widow (as defined in section 416(c) of this title) of an individual who died a fully insured individual after 1939, if such widow—

"(A) has not remarried,

"(B) has attained retirement age,

"(C) (i) has filed application for widow's insurance benefits or was entitled, after attainment of retirement age, to wife's insurance benefits, on the basis of the wages and self-employment income of such individual, for the month preceding the month in which he died, or

"(ii) was entitled, on the basis of such wages and self-employment income, to mother's insurance benefits for the month preceding the month in which she attained retirement age,

"(D) was living with such individual at the time of his death, and

"(E) is not entitled to old-age insurance benefits, or is entitled to old-age insurance benefits each of which is less than three-fourths of the primary insurance amount of her deceased husband, shall be entitled to a widow's insurance benefit for each month, beginning with the first month after August 1950 in which she becomes so entitled to such insurance benefits and ending with the month

Appellant claims survivors insurance benefits due as result of her husband's death May 17, 1938. Denial of said claim was based on the ground that appellant's decedent did not die after 1939, which was a condition precedent to entitlement to current benefits under Section 202(e) of the Social Security Act.

Appellant bases her prayer for relief upon the proposition that the 1954 amendment not only provided a new criteria for determination of "fully insured" persons who died prior to September 1, 1950, but by implication deleted therefrom the requirement of death after 1939.

We are naturally most prone to liberally construe the Social Security Act in favor of the party seeking its benefits, and if any basis in law exists to grant relief, we would so construe the Act. Carroll v. Social Security Board, 7 Cir., 128 F.2d 876.

But three compelling reasons militate against reversing the judgment of the lower court:

(1) Statutory construction negates appellant's position that the two Acts are irreconcilable. The 1954 Act was directed toward the lowering of the periods of coverage but evidences no intention to alter the requirement that the decedent must have died after 1939.

The law is well settled that repeals by implication are not favored. Where two acts cover the same subject matter both should be given effect if possible. Posadas v. National City Bank, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351. Furthermore, if effect can reasonably be given to both statutes, the presumption is that the earlier is intended to remain in effect. United States v. Burroughs, 289 U.S. 159, 53 S.Ct. 574, 77 L.Ed. 1096. To repeal a prior act there must be a positive repugnancy between the provisions of the new law and those of the old; and even then the old law is repealed by implication only pro tanto to the extent of the repugnancy. United States v. Borden Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181; Walling v. Patton-Tulley Transportation Co., 6 Cir., 134 F.2d 945, 948.

In order for an amending statute to operate as a repeal of the earlier Act, the intention of the legislature to repeal must be clear and manifest; otherwise, the later Act is to be construed as a continuation of, and not a substitute for, the first Act and will continue to speak, so far as the two Acts are the same, from the time of the first enactment. Posadas v. National City Bank, supra.

We can find no irreconcilable conflict between the two provisions in question, but to the contrary we cannot but help conclude that said provisions are directed at different problems.

(2) The legislative history militates against appellant's contention, most glaringly brought into focus by the Senate Report.[2]

(3) Finally, promulgated regulations and interpretation by the Social Security Board are against appellant's contention.

The current regulation respecting widow's insurance benefits provides that a claimant is entitled to such benefits "if she: (a) Is the widow * * * of an individual *who died after 1939*, and who, at the time of such death, was fully insured * * *" 20 C.F.R., Sec. 404.319 (emphasis added). The regulation incorporating the 1954 change to Section

---

preceding the first month in which any of the following occurs: she remarries, dies, or becomes entitled to an old-age insurance benefit equal to or exceeding three-fourths of the primary insurance amount of her deceased husband."

2. The Senate Report makes direct reference to the problem presented by this case. In discussing the purpose and effect of Section 109, the Report states

(S.Rep. No. 1987, 83d Cong., 2d Sess. 4–5):

"6. Eligibility for benefits.

   *     *     *     *     *

"(b) Benefits would be paid to the surviving aged widow, widowed mother, and children, or parents of any individual who died *after 1939 and prior to September 1, 1950*, and had at least 6 quarters of coverage." (Emphasis added.)

202(e)(1) with respect to filing applications did not change the "after 1939" requirement, which has been in the regulations both before and since this time.

■ The court should be hesitant to set aside the Board's interpretation of an Act under which it functions unless the Act itself or the unambiguous legislative intent thereof is obviously misapplied. McLaren v. Fleischer, 256 U.S. 477, 481, 41 S.Ct. 577, 65 L.Ed. 1052; United States v. American Trucking Associations, 310 U.S. 534, 549, 60 S.Ct. 1059, 84 L.Ed. 1345.

For the foregoing reasons, the judgment of the district court is affirmed.