**BROWN & BARTLETT**, Plaintiffs-Appellees,

v.

**UNITED STATES** of America, Defendant-Appellant.

No. 15452.

United States Court of Appeals Sixth Circuit.

April 16, 1964.

Joseph S. Gill, Columbus, Ohio, for appellant.

Robert A. Bernstein, Atty., Dept. of Justice, Washington, D. C., for appellees, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., Merle M. McCurdy, U. S. Atty., John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, on the brief.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

This case requires interpretation of the Social Security Act to determine whether or not Ohio school bus drivers are covered thereunder.

The appeal is brought by defendant, United States of America, from a judgment entered by the District Court for the Northern District of Ohio in favor of plaintiffs in the sum of $705.41.

Plaintiffs are partners who are engaged in the business of providing school bus transportation services under contract with the public schools of Huron, Ohio. The sum of money involved represents the amount of Federal Insurance Contribution taxes assessed by the Internal Revenue Service under Int.Rev.Code of 1954 § 3111 on the government's claim that plaintiffs' bus drivers are covered under the Social Security Act (42 U.S.C. Ch. 7).

Plaintiffs contended:

"Under the law of Ohio such bus drivers are employees of the contracting Board of Education for retirement insurance contribution purposes. As such, they are compulsory members of and are covered by a retirement system set up under the law of Ohio."

The Ohio law referred to is authoritatively set forth in a recent opinion of the Ohio Supreme Court in a case where it was required to determine whether or not school-bus drivers similarly situated were members of the Ohio School Employees Retirement System:

"[T]he court is of the opinion that Sections 3327.01, 3327.03, 3327.10 and 4511.76, Revised Code, grant the ultimate control over these school-bus drivers to the board of education and place the obligation upon the board to exercise sufficient ultimate control over these school-bus drivers to make them, at least for purposes of membership in the retirement system and contributory payments thereto, employees of the board of education." State ex rel. v. Holt, 174 Ohio St. 55, 57, 186 N.E.2d 862, 864.

The opinion spelled this conclusion out in some particularity.[1] Powerful as this language appears to be in support of plaintiffs' argument, it represents the beginning, not the end, of this

---

[1] "The above sections make the board responsible for the time schedule of the drivers and the loading depots, require certificates for the drivers from the board of education, grant the power to revoke such certificates for improper conduct and authorize the adoption of regulations by the Department of Education, which regulations set up requirements for maximum hours of drivers and for designating all stops, instructions for loading and unloading, load distribution, supervision of pupil conduct, assignment of seats, overloading, transportation of equipment and safety patrols, and detailed traffic regulations. Such regulations are, by Section 4511.76, Revised Code, required to be made a part of any contract for the transportation of school children by privately owned and operated school buses.

"The board is given the right to cancel the employment of the driver in the event of violation of any of these laws or regulations.

"It is the duty of the board of education to control the conduct and employment of the bus drivers, whether their contract is directly with the board or with the owner of the buses.

"This court is of the opinion that for the purposes of membership in the retirement system and contributory payments to the system, the school-bus drivers of

litigation. Patently Ohio statutes and case law do not determine federal Social Security Act coverage, unless language in the federal Act so provides. Plaintiffs find federal statutory authority for their contention in the 1950 and 1954 amendments to the Social Security Act. The 1950 amendments first enabled employees of a state government who were not covered by state retirement systems to come under Social Security coverage. The 1954 amendments made it possible for state employees who were members of a state retirement system to come under Social Security by an affirmative vote on a referendum. The language plaintiffs rely upon in this regard will be quoted and discussed below.

Plaintiffs' principal argument on this appeal is that when the Ohio Supreme Court found that persons similarly situated to these bus drivers were members of the state retirement system, that they thereby became state employees for purposes of the Social Security Act.

The government's argument in response can be summarized under three points:

First, that basic coverage of the Social Security Act is determined by the "common law" definition of the term "employee" contained in 42 U.S.C. § 410, and that under this definition plaintiffs' bus drivers would be covered and plaintiffs would be liable for the contributions assessed.

Second, that Congress in the 1950 and 1954 amendments was concerned with expanding coverage of the Act, and never intended by these amendments to repeal provisions which already provided for coverage.

Third, that repeal by implication is not favored; and, further, if there is any ambiguity found in construction of the Social Security Act, that the courts have strongly supported the proposition that such ambiguity should be resolved in favor of coverage.

the North Canton Exempted Village School District are employees of the board of education of that district."

In resolving this dispute some history of Social Security legislation is helpful:

■ The Social Security Act (42 U.S.C. ch. 7) and the applicable provisions of the Internal Revenue Code of 1954, ch. 21, §§ 3101, 3111 and 3121, which provide for employer and employee contributions to finance the benefits provided were first adopted in 1935. The provisions of these enactments are mutually interrelated and must be read together.

The basic employer tax provision is found in the Internal Revenue Code of 1954 and is exceedingly broad:

"§ 3111. Rate of tax.—In addition to other taxes, there is hereby imposed on every employer an excise tax, with respect to having individuals in his employ, equal to the following percentages of the wages (as defined in section 3121(a)) paid by him with respect to employment (as defined in section 3121(b))— * *."

Section 3121(b), defining "employment," provides in part as follows:

"(b) Employment.—For purposes of this chapter, the term 'employment' means any service performed * * *."

Absent any other provision, plaintiffs as an employer would, of course, be required to pay the tax with respect to the wages paid.

Congress, however, recognizing a constitutional barrier, specifically excepted from this broad coverage provision just quoted, service in the employ of a state:

"(b) * * * except that, in the case of service performed after 1954, such term shall not include—

* * * * * *

"(7) service performed in the employ of a state, or any political subdivision thereof * * *." 26 U.S.C. § 3121(b)(7). (See similar language in 42 U.S.C. § 410(a)(7)).

Congress then provided further that the common law definition of "employee"

State ex rel. v. Holt, 174 Ohio St. 55, 58, 186 N.E.2d 862, 864.

be used to determine whose employee a particular party actually was:

"Employee.—(k) The term "employee" means—

\* \* \* \* \* \*

"(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee \* \* \*." 42 U.S.C. § 410(k) (2).

In 1950 Congress amended the Social Security Act to provide for coverage under federal-state contract for employees of states (or their political subdivisions) who were not covered by state retirement systems.

Finally, (for purposes of this case) Congress in 1954 passed the amendments which allow state employees who were members of a state employee retirement system by affirmative vote on a referendum likewise to acquire Social Security coverage under federal-state contract.

The applicable 1950 and 1954 provisions from 42 U.S.C. § 418 are:

"(a) (1) The Secretary of Health, Education, and Welfare shall, at the request of any State, enter into an agreement with such State for the purpose of extending the insurance system established by this subchapter to services performed by individuals as employees of such State or any political subdivision thereof \* \* \*."

\* \* \* \* \*

"(d) (1) No agreement with any State may be made applicable \* \* \* to any service performed by employees as members of any coverage group in positions covered by a retirement system \* \* \*."

\* \* \* \* \* \*

"(3) Notwithstanding paragraph (1) of this subsection, an agreement with a State may be made applicable \* \* \* to service performed by employees in positions covered by a retirement system \* \* \* if the governor of the State certifies to the

Secretary \* \* \* that the following conditions have been met:

"(A) A referendum by secret written ballot was held on the question of whether service in positions covered by such retirement system should be excluded from or included under an agreement under this section;

\* \* \* \* \* \*

"An employee shall be deemed an 'eligible employee' for purposes of any referendum with respect to any retirement system if, at the time such referendum was held, he was in a position covered by such retirement system and was a member of such system \* \* \*."

These 1950 and 1954 provisions then represent exceptions (in favor of coverage) from a general state employee exception (against coverage) from the general broad coverage provisions of the Social Security Act.

We particularly note in the 1950 amendments upon which plaintiffs rely the following language:

"No agreement with any State may be made applicable \* \* \* to any service performed by employees as members of any coverage group in positions covered by a retirement system." 42 U.S.C. § 418(d) (1).

But this language sets forth no test for determining who are employees of the state. Nor does it or any other language in the Social Security Act (or the related provisions of the Internal Revenue Code) declare that members of a state retirement system are perforce state employees for purposes of the Social Security Act. And if under the common law test these bus drivers were held to be employees of plaintiffs rather than the state, coverage as to them would rest upon the broad general provisions affecting private employment and not the contractual provisions which relate to state employment.

■ We find in these amendments no language which may be read as specifically intended to repeal the common law

definition of the word "employee" contained in 42 U.S.C. § 410(k) (2), or to make this test inapplicable to plaintiffs' bus drivers.

It seems clear, then, that the remaining question for decision in the instant appeal is whether or not implied repeal may be found in the congressional actions of 1950 and 1954 (42 U.S.C. § 418 quoted above).

■ The purpose of these amendments was to permit a considerably broadened coverage. We are unable to find any language in them which conflicts with or purports to limit, repeal or terminate any possible previously existing coverage. Nor do we find such an intention expressed in any congressional debate preceding these amendments.

Indeed, we cannot find any indication that Congress ever specifically considered the problem which the current case poses where conceivably the common law test applied to these bus drivers might result in Social Security coverage, while Ohio state law clearly has been interpreted as encompassing them within its School Employees Retirement System. But there are so many instances of so-called "double coverage" as between Social Security and private and public employee retirement systems that such a possibility in relation to the Ohio state retirement system would hardly compel a finding of implied repeal. The 1954 amendments themselves would specifically allow for "double coverage" of these bus drivers if perchance the Ohio School Employees Retirement System members were to vote for Social Security coverage.

■ Here we deal with a claim of implied repeal which would have the effect of eliminating coverage. Generally, in construing the Social Security Act, our court has favored that interpretation which gives effect to the beneficent purposes of the Act. Ewing v. Black, 172 F.2d 331, 335, 6 A.L.R.2d 948 (C.A.6 1949); Lietz v. Flemming, 264 F.2d 311, 313 (C.A.6 1959). See also Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L. Ed. 1307 (1937).

■ Further, a cardinal rule of statutory construction is that repeals by implication are not favored: Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351 (1936); United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181 (1939); Silver v. New York Stock Exchange, 373 U.S. 341, 357, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963).

We find no facts, implications, expressed intentions, or irreconcilable conflicts which lead us to depart from this rule in this case.

■ The District Judge found as conclusions of law:

"1. Under the law of Ohio, the bus drivers involved herein are the employees of the Huron Board of Education for retirement purposes. As such employees they are covered by the School Employees Retirement System created by Section 3309.01 et seq., Ohio Revised Code.

"2. Said bus drivers are employees performing services as members of a coverage group in positions covered by a retirement system, and are employees in positions covered by a retirement system, within the meaning of Section 418, Title 42, U.S.C.

"3. Said bus drivers are exempt from the coverage of the Federal Social Security System, Title 42, Chapter 7, U.S.C."

The first two of these conclusions are supported by this record. They do not, however, in our view, necessarily lead to the third conclusion. It is clear that Ohio law has determined that these bus drivers are state employees "for retirement purposes" and that as such they are members of the School Employees Retirement System and entitled to vote on the Social Security referendum.

It does not follow, however, that these bus drivers are state employees for all purposes, or that, necessarily, they are state employees under the common law test which determines coverage or exemption.

The District Judge did not feel that it was necessary to consider the common law test. As we have indicated, we consider it basic to determination of this lawsuit.

Reversed and remanded for decision under the terms of the Social Security Act, and, more particularly, 42 U.S.C. § 410(k) (2).