Earl D. HILLSTRAND and Mary Jane Hillstrand, Appellants,

v.

STATE of Alaska, Department of Public Works, State of Alaska, Richard Downing, Commissioner of the Department of Public Works, State of Alaska, Lee Hubbard, Director of Highways, Department of Public Works, State of Alaska, M–B Contracting Co., Appellees.

No. 437.

Supreme Court of Alaska.

Sept. 8, 1964.

7. Factor v. Commissioner, 281 F.2d 100, 125–127 (9th Cir. 1960), cert. denied, 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961).

James J. Delaney, Jr., and Eugene F. Wiles, Delaney, Wiles & Moore, Anchorage, for appellants.

George N. Hayes, Atty. Gen., Juneau, and Mary F. Frank, Asst. Atty. Gen., Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The Congressional Act of July 24, 1947, 61 Stat. 418, provided in pertinent part that:

"In all patents for lands hereafter taken up, entered, or located in the Territory of Alaska * * * there shall be expressed that there is reserved, from the lands described in said patent * * * a right-of-way thereon for roads, roadways, highways * * * constructed or to be constructed by or under the authority of the United States or of any State created out of the Territory of Alaska." [1]

Appellants are the owners of land which their predecessor in interest, Meredith Steele, acquired by patent from the United States. The patent contained a reservation for a right of way pursuant to the foregoing Act of July 24, 1947. Appellants claim that the reservation was improperly inserted in the patent because the Act applied only to lands entered after July 24, 1947, and Steele had entered the land involved here prior to that date. The trial court found against appellants and they have appealed.

On June 12, 1947 Steele submitted to the Bureau of Land Management at Anchorage a homestead application for a 40 acre tract of land. On July 17, 1947 he applied for an additional homestead entry on an adjoining 40 acre tract. Steele's application for this additional tract was submitted on Form 4-007, the form used for original homestead entry applications, and marked "Additional Entry". Form 4-007 was the wrong form to use when applying for an additional entry as it did not provide for the affidavits required by departmental regulation.[2] Steele at this time also submitted certain other papers that were required and tendered the necessary fees. The land office filed the papers, entered the application in the docket, assigned a serial number, and issued a receipt for the tendered fees.

On July 18, 1947 the land office mailed to Steele his receipt for payment of the filing fees and informed him that "As soon as the corroborating affidavits are filed the application will be allowed." Steele procured the necessary affidavits on July 23, 1947 and enclosed them in a letter to the land office dated July 24, 1947. The land office has no record of receipt of these affidavits until October 16, 1947 when the filing of such was noted. On that same day the land office sent to Steele for his signature Form 4-018, the proper form to be used in making application for an additional homestead. This form contained the corroborating affidavits which show that they had been executed on July 23, 1947. The additional

1. This act was repealed on June 25, 1959, after Alaska had become a state. 73 Stat. 146.

2. Steele's application for additional entry was made under the authority of the Homestead Act. Act of April 28, 1904, ch. 1776, §§ 2, 3, 33 Stat. 527. Regulations issued pursuant to this Act and in effect in 1947 provided in part that:

Applicants for additional entries under section 2 of the Act of April 28, 1904 will be required to produce evidence that they own and reside upon the land embraced in their original entries, which shall be described by legal sub-

divisions and by reference to the number and date of the original entry, the evidence to consist of their own affidavits corroborated by the affidavits of two disinterested witnesses, executed before any officer authorized to administer oaths in such cases in the county, parish, or land district in which the land applied for is situated, under section 2294, Revised Statutes, as amended (43 U.S.C. 254). These affidavits and the homestead application and statements required to be made in connection therewith may be upon Form No. 4-018. 43 C.F.R. 166.83 (1939).

entry was finally allowed by the land office on November 4, 1947.

The question here is whether Steele had entered the land in controversy by July 24, 1947. In the case of Hastings & Dakota R. R. v. Whitney [3] it was said that to effect an entry on public lands under the Homestead Act, it is necessary that one make an affidavit setting forth the facts which entitle him to make an entry, that he make a formal application, and that he make payment of the money required. And in McLaren v. Fleischer [4] the court said that for one to enter land under the Homestead Act he must make, subscribe and file in the proper land office the affidavit required by law [5] and pay the requisite fees. Relying upon the authority of these decisions, appellee contends that Steele could not have entered the land by July 24, 1947 since the affidavits called for by departmental regulation were not filed until some time thereafter.

■ We disagree with appellee's contention. In homestead law the term "entry" is usually used to designate the initiatory proceedings taken for the acquisition of a portion of the public lands.[6] As was said in Chotard v. Pope [7], "It [entry] means that

act by which an individual acquires an inceptive right to a portion of the unappropriated soil of the country, by filing his claim" in the appropriate land office.

■ To read the Hastings and McLaren cases, supra, to mean that there can be no entry—no inceptive right—until there has been strict technical compliance with the requirements of a regulation as to filing affidavits, is to ignore those cases which declare that in the administration of the Homestead Act the law deals tenderly with those who in good faith go upon public land with a view of making a home thereon.[8] One who, in response to the invitation of the Homestead Act, actually settles on public lands in an honest effort to acquire a home is to be dealt with leniently and not subjected to the loss of his toil and efforts through any mistake or neglect of the government.[9] Applying the principle of those cases to the facts of this case, we are of the opinion that Steele's honest attempt to file his additional homestead application on July 17, 1947 was sufficient to give him an incipient right to the land so claimed, and constituted an entry within the purview of the Homestead Act.[10]

---

3. 132 U.S. 357, 363–365, 10 S.Ct. 112, 33 L.Ed. 363, 366 (1889).

4. 181 Cal. 607, 185 P. 967, 969–970 (1919), aff'd, 256 U.S. 477, 41 S.Ct. 577, 65 L.Ed. 1052 (1921).

5. The law referred to in the McLaren case was Section 2290 of the Revised Statutes of the United States which read in relevant part as follows:
    "That any person applying to enter land * * * shall first make and subscribe before the proper officer and file in the proper land office an affidavit that he or she is the head of a family, or is over twenty-one years of age, and that such application is honestly and in good faith made for the purpose of actual settlement and cultivation, and not for the benefit of any other person, * * * except himself, or herself, and upon filing such affidavit with the register or receiver on payment of five dollars when the entry is of not more than eighty acres, and on payment of ten dollars when the entry is for more

than eighty acres, he or she shall thereupon be permitted to enter the amount of land specified."

6. Denny v. Dodson, 32 F. 899, 910 (C.C. D.Ore.1887); United States v. Northern Pac. R. Co., 204 F. 485, 487 (D.Mont. 1911).

7. 25 U.S. (12 Wheat.) 586, 588, 6 L.Ed. 737, 738 (1827).

8. Ard v. Brandon, 156 U.S. 537, 542–545, 15 S.Ct. 406, 39 L.Ed. 524, 526 (1895).

9. Great Northern Ry. v. Reed, 270 U.S. 539, 546–547, 46 S.Ct. 380, 70 L.Ed. 721, 725 (1926). See Tarpey v. Madsen, 178 U.S. 215, 219–222, 20 S.Ct. 849, 44 L. Ed. 1042, 1044–1045 (1900); St. Paul, M. & M. Ry. v. Donohue, 210 U.S. 21, 33, 28 S.Ct. 600, 52 L.Ed. 941, 946 (1908). Schmidt v. Stillwill, 1 Land Dec. 151 (1882); Massey v. Malachi, 11 Land Dec. 191 (1890); Knoble v. Orr, 27 Land Dec. 619 (1898).

10. Schmidt v. Stillwill and St. Paul, M. & M. Ry. v. Donohue, supra note 9.

In reaching this conclusion we place great weight upon the actions of the land office personnel. It is not disputed that Steele's application for the additional homestead was submitted on the wrong form. In spite of this, the application was filed and entered in the land office docket and given a serial number, the filing fees were accepted and a receipt was issued. The next day a letter was sent to Steele advising him that his application would be allowed "as soon as the corroborating affidavits are filed." The letter did not state that Steele had used the wrong application form or that he had failed to file his own affidavit which was required by the same regulation that called for the corroborating affidavits.[11]

These actions by the land office personnel go far to show a recognition of Steele's incipient right to the land. We will not subject the entryman or his successors in interest to a loss of land because of a defective application for entry, when such was acquiesced in and in all probability caused by the agents of the government.[12]

■ Moreover, there was nothing in the effective statutes or regulations that required the filing of affidavits to effect an entry. All that was required was that the applicant own and reside upon the land covered by the original entry and produce evidence of such in the form of affidavits.[13] There was no requirement, as there was in the statute construed in McLaren v.

11. Note 2 supra.

12. Authorities cited in notes 8 and 9 supra.

13. The statute relating to additional homestead entries, 33 Stat. 527 (1904), 43 U.S.C.A. § 213 (1928 ed.), provided as follows:

"Any homestead settler who has, prior to April 28, 1904, entered, or may thereafter enter, less than one-quarter section of land may enter other and additional land lying contiguous to the original entry which shall not, with the land first entered and occupied, exceed in the aggregate one hundred and sixty acres, without proof of residence upon and cultivation of the additional entry; and if final proof of settlement and cultivation has been made for the original entry when the additional entry is made, then the patent shall issue without further proof: *Provided*, That this section shall not apply to or for the benefit of any person who does not own and occupy the lands covered by the original entry: *And provided*, That if the original entry should fail for any reason prior to patent, or should appear to be illegal or fraudulent, the additional entry shall not be permitted, or, if having been initiated, shall be canceled.

"Commutation under the provisions of section 173 shall not be allowed of an entry made under this section. (Apr. 28, 1904, c. 1776, §§ 2, 3, 33 Stat. 527.)"

The pertinent regulations issued pursuant to the above statute provided as follows:

"166.82 Statutory authority. Section 2 of the Act of April 28, 1904 (33 Stat. 527; 43 U.S.C. 213), is substantially a reenactment of section 5 of the Act of March 2, 1889 (25 Stat. 854), only modified so as to apply to entries for less than 160 acres each, made after the date of the Act (April 28, 1904), as well as those made before, and provides for an additional entry of land which shall be contiguous to the land embraced in the original entry, for which the final proof of residence and cultivation made on the original entry shall be sufficient, but of which no party shall have the benefit who does not, on the date of his application therefor, own and reside upon the land covered by his original entry, and which shall not be permitted, or if permitted shall be canceled, if the original should fail for any reason prior to patent or should appear to be illegal or fraudulent. 43 C.F.R. 166.82 (1939).

"166.83 Application; evidence required. Applicants for additional entries under section 2 of the Act of April 28, 1904 will be required to produce evidence that they own and reside upon the land embraced in their original entries, which shall be described by legal subdivisions and by reference to the number and date of the original entry, the evidence to consist of their own affidavits corroborated by the affidavits of two disinterested witnesses, executed before any officer authorized to administer oaths in such cases in the county, parish, or land district in which the land applied for is situated, under section 2294, Revised Statutes, as

Fleischer,[14] that the person applying to enter land *first* file the proper affidavit.[15] That the affidavits required by regulation in this case might be necessary to the ultimate allowance of the entry by the government, does not serve to vitiate the entry itself.[16]

Finding, as we do, that Steele entered the land in question before July 24, 1947, we

> amended (43 U.S.C. 254). These affidavits and the homestead application and statements required to be made in connection therewith may be upon Form No. 4–018. 43 C.F.R. 166.-83 (1939)"

hold that the reservation of a right of way called for by the Act of July 24, 1947, 61 Stat. 418, was improperly inserted in his patent. The judgment of the lower court is reversed and the case remanded for further proceedings consistent with this opinion.

14. 181 Cal. 607, 185 P. 967, 969–970 (1919), aff'd, 256 U.S. 477, 41 S.Ct. 577, 65 L.Ed. 1052 (1921).

15. Note 5 supra.

16. McLaren v. Fleischer, supra note 14, 185 P. at 970.