**Earl CHRISTY, Jr., Emelina Archuleta, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants and Cross–Appellees,**

**and**

**Arcenio Chavez, David Howley, Ann Muth, Carol Salzer and Ella Turner, Plaintiffs–Intervenors–Appellants and Cross–Appellees,**

**v.**

**Irene IBARRA, individually and in her official capacity, and Colorado Department of Social Services, Defendants– Appellees and Cross–Appellants.**

No. 90CA2109.

Colorado Court of Appeals,
Div. V.

Aug. 15, 1991.

Rehearing Denied Sept. 19, 1991.

Certiorari Denied March 10, 1992.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Doug George, Alamosa, Dale L. Williams, Montrose, Diane Flebbe, Greeley, Daniel M. Taubman, Denver, for plaintiffs-appellants and cross-appellees and plaintiffs-intervenors-appellants and cross-appellees.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David P. Temple, Asst. Atty. Gen., Denver, for defendants-appellees and cross-appellants.

Opinion by Judge NEY.

Plaintiffs, Earl Christy, Jr., and Emelina Archuleta, individually and on behalf of a class of persons similarly situated, and plaintiffs-intervenors, Arcenio Chavez, David Howley, Ann Muth, Carol Salzer, and Ella Turner, appeal the judgment of the court dismissing their complaint against defendants, Irene Ibarra and Colorado Department of Social Services. Defendants cross-appeal the trial court's denial of attorney fees. We reverse the judgment dismissing plaintiff's claims and affirm the trial court's denial of defendants' claim for attorney fees.

Plaintiffs are Colorado residents who are eligible for, but are not receiving, benefits under the Home and Community Based Services (HCBS) arm of the federal Medicaid healthcare program. HCBS provides cost-effective medical assistance to individuals as an alternative to institutional placement. Services provided range from skilled nursing and provision of medical supplies to performing routine household tasks. *See* § 26–4.5–104.5, C.R.S. (1989 Repl.Vol. 11B) (now codified as § 26–4–607(1), C.R.S. (1991 Cum.Supp.)).

Designation and delivery of services to be received is the result of an individual assessment of each applicant by the local case management agency. This agency develops and revises, as needed, each individual's care plan, monitors service delivery,

and guarantees cost effectiveness. When no case management agency exists in an area, service is not provided even though eligible recipients are thereby denied receipt or continuation of benefits.

When services to plaintiffs were terminated because of the lack of management agencies in their respective counties of residence, this class action was brought seeking to compel the state to provide services to eligible recipients. The trial court concluded that the state had complied with the statutory mandate by developing a plan to provide services and had no duty to guarantee the actual delivery of services statewide nor to provide case management services. Therefore, it dismissed plaintiffs' complaint. This appeal followed.

## I.

Plaintiffs first contend that the trial court erred in its conclusion that Medicaid benefits need not be available in all counties of the state, as required by 42 U.S.C. 1396a(a) (1984). We agree.

■ Medicaid is a cooperative federal-state program that provides financial assistance to states to subsidize certain costs of medical treatment for low-income individuals. Although participation in the Medicaid program is optional, once a state elects to participate, it must comply with the federal statutory scheme and the regulations promulgated by the Secretary of Health and Human Services. *Harris v. McRae*, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980); *Colorado Department of Social Services v. Health Care Management Consultants, Inc.*, 813 P.2d 829 (Colo.App.1991).

■ Section 42 U.S.C. § 1396a(a)(1) (1984) provides that a state plan for medical assistance "shall be in effect in all political subdivisions of the state...." Federal regulation also requires that each state plan must be "in operation statewide." 42 C.F.R. § 431.50(b)(1) (1990). A state may, pursuant to 42 C.F.R. § 431.-50(c)(5) (1990), request that the Secretary of Health and Human Services waive the requirement of statewide compliance, but defendants have not done so here.

Defendants do not argue that they are not required to comply with these statutory directives. Rather, they assert that because the state has a plan to provide services statewide, its plan is "in effect" in accordance with the statute. We consider this contention to be without merit.

We find persuasive *Smith v. Vowell*, 379 F.Supp. 139 W.D.Tex. (1974), *aff'd*, 504 F.2d 759 (5th Cir.1974). In *Smith*, the state of Texas failed to provide Medicaid recipients with transportation to places of necessary medical treatment. The state advanced what the court characterized as "the preposterous argument that its only obligation under the regulation is merely a rhetorical one—that it only has to formulate a plan but not really put it into effect."

The state's position in *Smith* is analogous to defendants' argument here that because they have established procedures and requirements for certification of management agencies throughout the state, they have a plan in effect statewide. Defendants assume no responsibility for assuring that a management agency exists in each political subdivision, maintaining that the obligation to do so is optional.

While it is true that designation of management agencies is a function of the board of county commissioners in each county, the state may designate an agency if the board-appointed agency fails to meet the specified standards. And, when no agency is appointed, the state department may provide the management services directly. *See* § 26–4.5–103(2), C.R.S. (1989 Repl.Vol. 11B) (now codified as § 26–4–603(5), C.R.S. (1991 Cum.Supp.)).

However, should the state decline to fill the void created when no management agency exists in a county, services are not provided to eligible recipients. Thus, services are available in some counties and not available in the neighboring counties. And, a recipient in one county may lose benefits by moving a short distance across a county line. We conclude that this results in a plan to provide medical assistance which is not "in effect" statewide.

We agree with the court in *Smith, supra*, that:

"This court cannot conceive of any other meaning for 'be in effect' than its plain meaning that it shall be in existence, operational and functioning ... We believe it to be essential to the proper interpretation of the Social Security Act to employ a natural reading which produces a harmonious result consistent with its legislative history and its remedial character.... The approach here advocated by defendants would simply make a mockery of the Social Security Act...."

Similar results have been reached in *Clark v. Kizer*, 758 F.Supp. 572 (E.D.Cal. 1990) (state out of compliance with statewide availability provision when dental service not available in all counties) and *Morgan v. Cohen*, 665 F.Supp. 1164 (E.D.Pa. 1987) (under statewideness provision, services must operate uniformly across the state.)

■ The Social Security Act, of which Medicaid is a part, is in the nature of remedial legislation and is to be liberally construed. Narrow technicalities or a narrow and legalistic interpretation are to be avoided. *Schroeder v. Hobby*, 222 F.2d 713 (10th Cir.1955). And, interpretation should ensure that the overriding purpose will be achieved, even if the words used leave room for a contrary interpretation. *Haberman v. Finch*, 418 F.2d 664 (2nd Cir.1972).

To conclude that the obligation of the state ends prior to any actual service being delivered to eligible recipients is, thus, clearly contrary to the "remedial and beneficent purposes" for which the Social Security Act was enacted. *See Brown & Bartlett v. United States*, 330 F.2d 692 (6th Cir.1964).

■ We do not, however, by this ruling that eligible recipients statewide must be provided with case management services, mean to imply that defendants are thereby required to provide *all* services to *all* eligible recipients. The obligation of the participating state is limited to providing permitted care and services only "to the extent that such care and services are available to the general population in the geographic area." 42 U.S.C. § 1396a(a)(30)(A) (1990). Accordingly, defendants are not required to provide, for example, adult day care services to eligible HCBS recipients if such services are not available to the general population.

To provide a cost-effective alternative to institutional placement implies that if required care cannot be obtained otherwise and is not available to the general population, placement in an institution may be necessary. In fact, if costs to maintain an individual out of an institution exceed the average state cost of an institutional placement, that individual is not eligible for HCBS benefits. Section 26-4.5-104.5(3) C.R.S. (1989 Repl.Vol. 11B) (now codified at § 26-4-606(1)(d), C.R.S. (1991 Cum.Supp.)).

■ Nevertheless, it is incumbent upon the state to ensure case management services statewide and the obligation of the designated case management agencies to ensure that eligible recipients receive care and services to the same extent as the general population in the geographic area.

## II.

Plaintiffs next assert that the trial court erred in failing to address their claims which were premised on violations of constitutional and statutory rights. We agree.

Plaintiffs alleged in their complaint that defendants failed to comply with:

42 U.S.C. § 1396a(a)(30)(A) by not assuring that Medicaid payments are sufficient to enlist the requisite number of service providers;

42 U.S.C. § 1396n(c)(2)(C) by not offering every HCBS eligible individual the choice of nursing home or HCBS home care;

42 U.S.C. § 1396a(a)(8) by not establishing methods to guarantee services to all HCBS eligible recipients;

42 U.S.C. § 1396a(a)(19) by not providing benefits in the manner consistent with the best interests of each eligible recipient; and

constitutional and statutory guarantees of due process in the termination of benefits to eligible recipients.

Because the order of the trial court does not address these claims, we remand to that court for further consideration.

### III.

 Defendants contend on cross-appeal that the trial court erred in its denial of attorney fees under § 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A). However, inasmuch as we have concluded that plaintiffs' claim regarding defendants' failure to have in effect a statewide plan is meritorious, it follows that the assertion of that claim was not frivolous. *See Montoya v. Bebensee*, 761 P.2d 285 (Colo.App.1988).

The judgment dismissing plaintiffs' claims is reversed, the denial of defendants' claim for attorney fees is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

PLANK and VAN CISE,* JJ., concur.